Mr. Chief Justice TANEY
 

 delivered the opinion of the court;
 

 This casp is- brought up by writ of error to the Circuit Court for the Southern District of New York. .
 

 It appears from the record that the plaintiff in error is a subject of. the queen of Great Britain, and resides in Liverpool, Nova Sco-
 
 *119
 
 tia. In April, 1835, he intermarried with Eliza Ann Barry, one of the defendants in error, who is the daughter of the late Thomas B. Mercein, of the city of New York ; - and upon some unfortunate disagreement between the. plaintiff in error and his wife, a separation took place in the year 1838, and they have ever since lived apart ; she residing in New York, and he at Liverpool. They have two children, a son and a daughter. ■ The son is with his father ; and the daughter, now about ten years of age, is with her mother,
 

 The plaintiff in error filed his pétition in the Circuit Court of the United States for the Southern District of New York, at April term, 1844, stating that his wife had separated from him without any justifiable cause and refused to return, and unlawfully detained and kept frorn'him his daughter ; that she was harboured, countenanced, and encouraged in these unlawful proceedings by her mother, Mary Mercein, the other defendant in error ; and prayed that the writ of
 
 habeas corpus ad subjiciendum
 
 might issue/, commanding the said Mary Mercein and Eliza Ann Barry to have the body of his daughter, Mary Mercein Barry, by them imprisoned and detained, with' the time and cause of such imprisonment or detention, before the Circuit Court to do and receive what should then and there be considered of the said Mary Mercein Barry. The petition was supported by the usual affidavits and proofs. The case cáme on,to Be heard in the Circuit Court, and it was then ordered and adjudged by the court that the petition be disallowed, and the writ of
 
 habeas corpus
 
 denied. It is ujwn this judgment that the writ of érror is brought.''
 

 A motion has been made to dismiss the writ of error for the want of jurisdiction in this court. In the argument upon this motion, the power,of the Circuit Court to award the writ of
 
 habeas corpus,
 
 in a case- like this, has also been very fully discussed at the bar. But this question is-not before us, unless we have power by writ of error to reexamine the judgment given by the Circuit Court, and to affirm or reverse it, as we-may find it to be correct or otherwise. And' the question therefore to be first decided is, whether a writ of error will lie upon the judgment of the Circuit Court in this case refusing to grant the writ of
 
 habeas corpus.
 
 It is an important question ; deeply interesting to :the parties concerned,; and we have given to it a full and mature consideration.
 

 By the constitution of the United States, the Supreme Court possesses .no appellate power in any case, unless conferred upon it by' act of Congress.; nor can it, when conferred be exercised in any •other form, or by any other mode of proceeding than that which the law prescribes.
 

 The act of- 1789, ch. 20, § 22,. provides that final judgments and decrees, in civil actions and suits in equity in a Circuit Court, when the matter in dispute exceeds the sum or value of two-thousand dollars^ exclusive of costs,'-may be reexamined and reversed or
 
 *120
 
 affirmed in the Supreme Court. . And it is by this law only that we aré authorized to reexamine any judgment in a Circuit Court by writ of error.
 

 Before we speak more particularly of the construction of this section, it may be proper to notice the difference between the provisions contained in it, and those.of the twenty-fifth section, in the same act of Congress, which gives the appellate power over the judgments of the State courts. In the latter case, the right to.reexamine is not made to depend on the money valué of thé thing in controversy, but upon the character of the right in dispute, and the judgment which the State court has pronounced upon it; and it is altogether immaterial whether the right in controversy can or cannot be meásured by a money standard.
 

 But in the twenty-second section, which is the -one now under consideration, the' provision is otherwise; and in order to give this court jurisdiction to reexamine the judgment of a Circuit Court of the United States, the judgment or decree must not only be a final one, in a civil action or suit in equity,-but the mattef in dispute must exceed the. sum or value of two-thousand dollars, exclusive of costs. And in order, therefore, io 'give us appellate power under this section, the matter in dispute must be moriéy, or some' right, the value of Which, in money, can be calculated and ascertained.
 

 In the case before us, the controversy is between the father and mother of an infant daughter. They are living separate from each other, and each claiming the right .to-the custody, care, and society, of their child. This is the matter in dispute. And it is evidently utterly incapable of being reduced to any pecuniary standard of .value, as.it rises superior to money consideration;,.
 

 The question for this court to decide, is, whether a controversy of this character can, by a fair and reasonable construction,'be. regarded as within the provisions of the twenty-second section of the act of 1789. Is it one of those cases in which we a.re. authorized to reexamine the decision of a Circuit Court of the United States, and affirm or reverse'its judgment ? We'think not. Thé. words of the .act of Congress are plain and unambiguous. They give .the right of revision in those cases only where the rights of property are concerned, and where the matter in dispute, has a known and certain value,-which can'be proved and calculated, in thé ordinary mode of a business transaction. There are no words in the law, which by any just interpretation cari.be held to.extend the áppellgte jurisdiction beyond those limits, and authorize us to take cognizance of cases to which.no test of money‘value can tje applied. ■ Nor indeed is this limitation upon the appellate power of this court confined to cases like the one before'us. It is thé sáme in judgments in crimi-. nal cases, although the liberty or life of thé party may. depend on the decision of the Circuit Court. And since this court can exer
 
 *121
 
 cise no appellate power unless it is conferred by act of Congress, the writ of error in this case must be dismissed.
 

 Order.
 

 This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the Southern District of New York, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that this cause be and the same is hereby dismissed for the want of jurisdiction.