Woodruff, J.
In this case the decree ought to have provided some mode in which, if counsel differed as to the form of the assignment to be executed by the defendants, their difference could be settled by laying before a Justice of this Court the proposed assignment and the objections thereto, that the form might be settled by him. But, in the absence of such a provision, the plaintiff had a right to require the execution of an assignment; and, if the one tendered by him was a proper one, the defendants, under the advice of their counsel, should have executed it, or should have procured and executed some other in proper form, or, if he was in doubt, should have applied to the Court on his own behalf to have th*e form settled. Kevertheless, if, as appears on this motion, the form of assignment had not’been approved by the Court, and the defendants’ counsel advised that it was not drawn in proper form, the defendants should have an opportunity to execute the assignment, and, upon doing so, this motion should be deemed discharged.
As to the moneys collected from the tenants in possession of the demised premises, although I think the conduct of the defend *713 ant Hatkorne is by no means free from fault, and that the plaintiff has a clear right to collect them, either from him, or, it may be, from the tenant, a case for an attachment is not made out so as to warrant that mode of compelling the defendants to pay OYer the money.
If fraudulently collected, possibly the defendant may be arrested. If he violated an injunction of the Supreme Court, or a Justice thereof, that Court, or Justice, has power to punish for that. But it would be carrying the idea of contempt of the orders of this Court further than I am now prepared to do, if I should hold that oral notice that the suit was decided in the plaintiff’s favor, without notice of the particulars of the decision,'when the defendant is not under an injunction, and no injunction was ordered by the decision, subjected the defendant to process of contempt when no order or decree had been drawn up or entered, in the face of the defendant’s express denial that he had any notice that the decision entitled the plaintiff to the rents which he collected.
The defendant Hathorne may have five days within which to execute the assignment proposed by the plaintiff; and if, within that time, he execute and duly acknowledge it, the motion shall be discharged, without costs. In default of such execution, a precept may issue against him, to commit him until he execute such assignment and pay (in that event) $10 costs of motion and the fees of the Sheriff, &c.
1 Ordered accordingly.