Mr. Chief Justice TANEY.
This case cannot be distinguished from the case of Barry vs. Mercein, (5 How., 103). The centro versy in that case was between a husband and his divorced wife, respecting the guardianship of a child of the marriage who was still an infant.
They were living apart, and each of them claimed the right to the guardianship. And after full argument, the Court held that in order to give .this Court jurisdiction under the 22d section of the Judiciary Act of 1789, the matter in dispute must be money, or some right, the value of which could be calculated and ascertained in money. And as the matter in controversy between the parties was not.money, nor a right which could be measured by money, but was a contest between the father and mother of the infant upon other' considerations, the appeal was dismissed for want of jurisdiction.
In the case before the Court, it. is admitted that De Krafft, the ■ appellant, has no pecuniary interest in the controversy. He appears as jprochein ami for the children of Barney, whose wife is dead, and from whom the children, inherited a large property. De Krafft alleges that Barney, from his character and habits, is unfit to be trusted with the guardianship of the persons or property of his children, and prays that some other persons suitable and trustworthy may be appointed by the Orphans’ Court. The guardianship of the persons and property of the children is, therefore, the only matter in dispute, not on account of ány pecuniary value attached to the office, but upon other considerations. The case is the same in principle with that of Barry vs. Mercein, above referred to, and the appeal to this Court, for tbe same reason, must be dismissed for want of jurisdiction.