ROBERTS and others *v.* WALLEY.

*(Circuit Court, N. D. New York.   1882.)*

1. PATENTS FOR INVENTIONS—EXAMINATION OF WITNESS.

The complainant in a patent case, where the infringement and the validity of the patent are both denied, as part of the preliminary proof, cannot compel the defendant to disclose the names of confidential customers to whom he has furnished articles alleged to be covered by the patent.

2. SAME—CONTEMPT OF WITNESS.

The examiner in a patent case has no power to rule upon the admissibility of evidence, and defendant, as a witness before him, has the right, upon a doubtful question, to take the opinion of the court; and where he acts under the advice of counsel, and apparently in good faith, his refusal to answer should not be punished as for a contempt, even though he acted mistakenly.

*Frederic G. Fincke*, for motion.

*Hamilton Ward*, opposed.

COXE, D. J.   This is a motion to punish defendant for contempt in refusing, under the advice of counsel, to answer certain questions in proceedings before the examiner.   The action is brought for the infringement of a patent for oil-well torpedoes.   The complainants called the defendant as their witness.   He testified that he was engaged in the business of torpedoing oil wells, many of them being located in this state; that he owned the patents for the processes used by him, etc.   He was then asked:

*Question.* Prior to January 1st of this year, how many torpedoes do you suppose you put in oil wells in this state?

*Answer.* Well, sir, I have no idea.

The foregoing question was objected to on the ground that the bill charges but one violation.

*Question.* Tell me what person or persons you have put in torpedoes for in oil wells in this state prior to January 1st of this year?

Objected to.

*Defendant's Counsel.* You need not answer.   We cannot go on a fishing excursion here for other cases.

*Answer.* Well, I don't want to answer that question.

*Question.* Do you refuse to answer?

*Answer.* Well, shall I refuse, Mr. Ward?

*Defendant's Counsel.* I should refuse if I were in your place.

*Question.* Tell me the name of one person or firm for whom you put in nitro-glycerine torpedoes in an oil well in the town of Bolivar, in this state, prior to January 1st of this year?

Objected as before, and as incompetent.

*Witness.* I refuse to answer the question.

Subsequently he stated that the reason for this refusal was that the parties referred to were his customers, and it would be a breach of confidence to disclose their names. He now insists that complainants do not wish the information for the purposes of this suit, but to obtain evidence in other suits pending and to be hereafter commenced.

The question presented is simply this:—Can the complainant in a patent suit, where the infringement and the validity of the patent are both denied, as part of his preliminary proof, compel the defendant to disclose the names of confidential customers to whom he has furnished articles alleged to be covered by the patent? The complainants do not submit a brief, and the court is referred to no authority bearing directly upon the question. It appears, however, after a somewhat careful examination, that the books contain many cases where similar questions have been asked in proceedings before the master, and but few in which such proof has been allowed before the examiner, the patent and the infringement both being in dispute.

The authority which bears the closest resemblance to the case at bar is *Turrell* v. *Spaeth*, 2 Bann. & Ard. 185. The court says:

"The complainant seeks to establish his *prima facie* case of infringement by putting one of the defendants on the stand as a witness, and proving by him what the defendants have done. He calls his attention to Exhibit No. 1, and asks whether he has made skates substantially like that. The witness admits that he has, and that the defendants have a contract to furnish such skates to the firm of Peck & Snyder. He is then requested to produce the contract, which he properly declines to do, alleging as a reason that he does not wish to disclose to rivals the price which they (his customers) were to receive, or the number to be manufactured; but he again admits that it was a contract to deliver skates very nearly like Exhibit No. 1 of complainant. The sole pertinent inquiry now is the fact of the infringement, and that fact will not be made any more evident by producing the contract, than it has been, by the admissions of the defendants. The extent of the infringement is a different question, and will only arise, if at all, upon a reference for an account, after a decree for the complainant."

The witness was then asked to produce his books, which he declined to do, on the ground that he did not wish to disclose his business to the complainant. The court made an order requiring the witness to answer a certain question, and intimated that if the books would throw light on this question a subsequent application might be made on notice for their production.

In *Storm* v. *U. S.* 94 U. S. 76, it was held that the court will not permit questions to be propounded to a witness merely to ascertain the names of persons whom a party may desire to call to disprove the case of his adversary. See, also, as bearing on this question, *Burnett* v. *Phalon,* 19 How. Pr. 530; Greenl. Ev. (13th Ed.), 509, 510, 410; *Lord Melville's Case,* 29 How. State Tr. 376; *Rex* v. *Woburn,* 10 East, 395; *Fenn* v. *Granger,* 3 Camp. 177; *White* v. *Everest,* 1 Vern. 181; *Brady* v. *Atlantic Works,* 15 O. G. 965.

It follows that, although the examination of the defendant was proper within certain limits, it was not proper to the extent insisted upon by the complainants. The necessary proof of infringement could, it seems, be obtained without requiring witness to disclose the names of all his customers in this state as required by the second question above quoted. This knowledge might be of advantage to complainants in other prosecutions, but how it could materially aid the court upon the question of infringement it is not easy to discover.

If the patent is sustained and the device of the defendant determined to be an infringement, his previous testimony that he had used his torpedoes in great numbers in this state is surely sufficient evidence of use to sustain an interlocutory decree. While it would seem that the complainants are not entitled to pursue this line of examination *ad libitum,* they are entitled to sufficient evidence to enable them to present to the court clearly and intelligently a complete description of the defendant's torpedo, the manner of its use, and the effect produced by its explosion. It follows, therefore, that the question calling for the name of *one* person or firm should have been answered. Should the complainants desire again to examine the witness, he should be required to answer as suggested. It is very clear from these views that the motion to punish for contempt must be denied. The examiner had no power to rule on the admissibility of the evidence, and the defendant had the right upon a question, which, to say the least, was not free from doubt, to take the opinion of the court. Had he answered, the mischief which he seeks to avoid would have been accomplished, and he would have been left remediless. He acted under the advice of counsel, apparently in good

faith, and, even though he acted mistakenly, it is not a case where he should be punished. *In re Judson,* 3 Blatchf. 148; *Smith* v. *Stage Co.* 18 Abb. 419; *Hilliker* v. *Hathorne,* 5 Bosw. 710; *Weeks* v. *Smith,* 3 Abb. Pr. 211.

The motion is denied.