CLIFFORD v. WILLIAMS et ux.

(Circuit Court, D. Washington, N. D. June 28, 1904.)

No. 1,204.

1. FEDERAL COURTS—JURISDICTION—HABEAS CORPUS—CUSTODY OF CHILD.

Rev. St. tit. 13, c. 13, §§ 751–766 [U. S. Comp. St. 1901, pp. 592–597], authorizes federal courts and the justices thereof to issue writs of habeas corpus and dispose of persons restrained of liberty *as law and justice require*, but prohibits the use of such writ in behalf of prisoners in jail, except in the enumerated cases in which the national government may properly interfere. *Held*, that neither such chapter, nor the general law defining the jurisdiction of United States Circuit Courts, gives to such courts jurisdiction to issue a writ of habeas corpus to determine a controversy between persons who are residents of different states as to the right of custody of their infant child, who was neither restrained of her liberty nor imprisoned.

2. SAME—JUDICIAL PROCEEDINGS—STATES—FULL FAITH AND CREDIT.

Where, after the remarriage of plaintiff's divorced wife, and her removal to another state, taking with her an infant daughter awarded to her custody in divorce proceedings, another order was made in such proceedings awarding custody of the child to plaintiff, the refusal of his former wife to comply with such decree, and her obtaining a decree of adoption in the state of her domicile, without proof that the courts in such state had refused to recognize plaintiff's *decree*, did not confer jurisdiction on the federal Circuit Court in the state of the wife's domicile to issue a writ of habeas corpus to determine plaintiff's right to the custody of the child, on the ground that full faith and credit had been denied to plaintiff's decree awarding him the custody of the child.

Petition for a writ of habeas corpus by a citizen of California to obtain custody of his minor child. Heard on motion to dismiss for want of jurisdiction. Motion granted.

W. H. White and J. J. Burt, for petitioner.

Sweeney & Steiner, for respondents.

HANFORD, District Judge. This cause involves a controversy between divorced parents for the custody of their child. The petitioner is a citizen of California, in which state the parties were domiciled when they were divorced. The divorce was granted by a court of the state of California, and by its decree the custody of the child was awarded to the mother, in accordance with the laws of California, for the reason that, being a little girl, of tender years, it required the nurture of its mother, although the divorce was granted to the father on account of her fault. The decree, however, recognized the parental rights of the father by according to him the privilege of seeing the child peri-

¶ 1. Jurisdiction of federal courts in habeas corpus proceedings, see note to In re Huse, 25 C. C. A. 4.

odically. The mother, after being married to her co-respondent, Herbert O. Williams, removed from California to the state of Washington, bringing the child with her, without obtaining leave of the court to change the child's domicile, and the respondents are now citizens of the state of Washington. The court which granted the divorce subsequently made a new order, awarding the custody of the child to the father upon his application, of which notice was served upon the attorney of record for the mother. The respondents have, by formal proceedings in a court of the state of Washington, attempted to acquire a legal right to the custody of the child by adoption, which proceedings are alleged in the petition to be invalid, for the reason that the petitioner did not consent to such adoption of his child, and the court in which the proceedings were had did not have jurisdiction. The respondents deny the jurisdiction of this court to entertain the petition for a writ of habeas corpus, and on that ground have moved to dismiss the case.

I am impressed with the plausibility and force of the arguments made in behalf of the petitioner—that it is desirable that the national courts should have jurisdiction of controversies involving conflicting orders and judgments of courts of different states—but the court has no power to invest itself with jurisdiction, and cannot assume it unless jurisdiction has been conferred by an act of Congress. The Constitution of the United States establishes the range of the judicial power of the national government, and ordains that the judicial power shall be vested in a Supreme Court and such inferior courts as Congress may establish, and it makes a direct grant of jurisdiction to the Supreme Court, but makes no similar direct grant of jurisdiction to the inferior courts which Congress is authorized to create. Congress is intrusted with power to create tribunals inferior to the Supreme Court, and to define their jurisdiction, so as to make distribution of the limited powers which the judicial branch of the national government may exercise. Therefore, whenever one of the inferior courts contemplated by the Constitution is called upon to adjudicate a controversy, it must appear that the jurisdiction invoked has been conferred by an act of Congress. These principles are fundamental, and as incontrovertibly established by the often-repeated declarations of the courts as the fact of the distribution of the powers of the national government into three coordinate branches. The jurisdiction of this court to adjudicate the controversy between the parents of this child having been challenged by the respondents' motion, the court cannot consider any question touching the merits of the controversy until we find a particular statute which clearly confers jurisdiction to adjudicate such a controversy.

Where is the statute? In the prosecution of this inquiry, it is logically necessary to first ascertain the nature of the case and its object. Originally, in England, the great writ of habeas corpus ad subjiciendum was one of the high prerogative writs by which courts acquired jurisdiction of a person actually imprisoned or deprived of his liberty; but in this case the writ was issued as process of the court to acquire temporary custody of a child which has not been incarcerated in any prison, for the purpose of adjudicating a controversy between its parents as to their respective rights to its custody. The object sought by the liti-

gation is not to release the child from restraint, but to determine finally the legal rights of the parents. The case being a civil action at law, and the jurisdictional process being the writ of habeas corpus, two theories of jurisdiction must be canvassed; one requiring consideration of the general statute defining the jurisdiction of United States Circuit Courts, and the other the statutory provisions relating particularly to writs of habeas corpus.

Looking now to the statutes, we find that Congress, by the general law defining the jurisdiction of United States Circuit Courts, has conferred upon them jurisdiction inclusive of civil cases arising under the Constitution or laws of the United States, or treaties made under their authority, and cases in which there shall be a controversy between citizens of different states. If this grant of jurisdiction were absolute and unlimited, there would be no difficulty in resolving the question now under consideration in favor of the court's jurisdiction; but the statute does not give jurisdiction of all cases arising under the Constitution, laws, or treaties of the United States, nor of all cases involving controversies between citizens of different states, but limits the jurisdiction of all such cases by a prescribed amount of money or pecuniary value involved; and this case cannot be brought within the terms of that statute, because the right of a parent to have the custody of a minor child is priceless, and the value of a person's liberty cannot be estimated in money. Barry v. Mercein, 5 How. 118, 12 L. Ed. 70; Kurtz v. Moffitt, 115 U. S. 487, 6 Sup. Ct. 148, 29 L. Ed. 458.

Under this general law, Circuit Courts have jurisdiction of suits in which the litigants claim lands under grants from different states; and this case suggests the propriety of conferring jurisdiction of suits in which the rights claimed are based upon judgments or judicial orders of courts of different states, without regard to property as the subject of litigation, or the amount involved. This, however, is a matter proper for Congress to consider, and arguments in favor of such enlargement of jurisdiction can have no influence upon a court called upon to decide a question as to its jurisdiction under existing laws.

The special grant of power to issue writs of habeas corpus is contained in chapter 13 of title 13, including sections 751–766, Rev. St. [U. S. Comp. St. 1901, pp. 592–597]. As significance has been ascribed to the arrangement into sections of the different parts of the law, it is necessary for a correct analysis to consider the several sections separately, and also to treat the chapter in its entirety as one law. Sections 751 and 752 provide that the Supreme Court, Circuit Courts, and District Courts, and the justices and judges of said courts, within their respective jurisdictions, shall have power to issue writs of habeas corpus for the purpose of inquiry into the cause of restraint of liberty. Section 761 provides for a summary hearing, and authorizes the court or justice or judge to dispose of the party as law and justice require. These sections seem to contain the entire grant of power, and they do not contain any clause or sentence indicating limitations of the power. It is unnecessary to prove that the power given by this law is not without any limitation, because unlimited power is not contended for in the argument in behalf of the petitioner. The question is whether the power granted by these sections is coextensive with the judicial power

of the national government, as defined by the Constitution, so as to comprehend all cases within the jurisdiction conferable upon the federal courts, or whether the power is to be exercised only in cases within the limited jurisdiction conferred upon the courts by other acts of Congress. The argument in favor of construing the law liberally, as a grant of the whole power permissible to be granted, with respect to matters in which the writ of habeas corpus may be appropriately used as process by which to acquire jurisdiction of a particular person, is supported in an able decision of the Circuit Court of Appeals for the First Circuit in the case of King v. McLean Asylum, 64 Fed. 331, 12 C. C. A. 145, 162, in which that court announced its conclusion:

"That the power granted by the judiciary act of 1789, as remodeled by sections 751 and 752 of the Revised Statutes, goes to the entire extent of the jurisdiction which Congress could, under the Constitution, rest in the Supreme Court or the Circuit Courts, except as expressly excluded by other provisions of statute, and except as also necessarily excluded by the inherent nature of the courts themselves, and of the machinery given them by law with which to work out practical results."

I am unable, however, to follow that decision in this case, for the reason that the facts in this case do not afford any safe ground upon which to base a distinction between this case and the Burrus Case, 136 U. S. 586, 10 Sup. Ct. 850, 34 L. Ed. 1500, in which the Supreme Court was called upon to decide, and did decide, a controverted question as to the jurisdiction of a District Court of the United States, in a habeas corpus case, to award the custody of a child to its father, and denied the jurisdiction of the District Court on the ground that the writ of habeas corpus cannot be used by courts of the United States, except in cases where it is appropriate to their jurisdiction; and in that connection the court said:

"Of course, this does not mean that they have jurisdiction in all cases to issue the writ of habeas corpus, but that they have such jurisdiction when, by reason of some other matter or thing in the case, the court has jurisdiction which it can enforce by means of this writ."

This is a solemn declaration, which cannot be brushed aside as mere dicta, and this court is necessarily bound by the determinations of the Supreme Court of questions affecting the extent of its powers. The only material differences between this case and the Burrus Case are in the facts that the question involved in that case had reference to the jurisdiction of a District Court, and no conflicting orders or judicial proceedings of courts of different states were set up as the basis of rights claimed, whereas this case is in a Circuit Court, and the petitioner claims an absolute right to the custody of his child by virtue of an order awarding the custody to him, made by a court of the state of California, and the petition attacks the validity of proceedings of a court of the state of Washington giving judicial sanction to the adoption of the child by the respondents; but such differences do not justify the application of any different principle or rule for construing the statute. Section 751 confers identically the same power to issue writs of habeas corpus upon the District Courts that it confers upon the Circuit Courts, and no differences in their capacity or functions, or the purposes for which they were established, distinguishing them from the Circuit

Courts, preclude the District Courts from taking the power granted by that section in all of its amplitude. Both are inferior to the Supreme Court, and established by laws enacted by Congress pursuant to authority given by the Constitution, and derive all of their powers and jurisdiction from the same source; and they are equally well equipped in their organization, with all the means requisite for exercising the functions of a court in taking into custody a person, and adjudicating all questions affecting that person's liberty, and all questions affecting the authority and rights of others with respect to the custody and control of infants. The facts that the litigants are citizens of different states, and that the case involves a controversy between citizens of different states, cannot be treated as a feature affecting the question as to the relative powers of the Circuit and District Courts, without conceding that the decision of the question must be controlled by the general statutes defining the jurisdiction of the different courts. Congress has conferred jurisdiction of civil actions at law and suits in equity arising under the Constitution, laws, and treaties of the United States, and of actions and suits of a civil nature presenting controversies between citizens of different states, upon the Circuit Courts, and has not authorized the District Courts to entertain jurisdiction upon those grounds, but it may do so; and it is not unlikely that, in the near future, agitation of the subject, which has been going on for many years, will result in constituting the District Courts the sole repositories of the original jurisdiction of the federal courts. A concession that section 751 is to be construed, for the purpose of determining the respective powers of the Circuit and District Courts, with reference to the general statutes defining their jurisdictions, is an abandonment of the entire argument based upon the special grant of powers contained in the habeas corpus law, because it takes us back to the question whether, under the general law, the case is cognizable in the Circuit Court, and leaves us there.

Section 753 contains no grant of power, but is a restriction upon the power of the federal courts, prohibiting the issuance of the writ of habeas corpus in behalf of a prisoner in jail, except under the prescribed conditions enumerated in that section. To meet the conditions existing at the time of South Carolina's attempt to nullify the laws of the United States, and deal with officers of the national government under its criminal laws for acts done in the performance of official duties, Congress enacted:

"That either of the justices of the Supreme Court, or a judge of any District Court of the United States, in addition to the authority already conferred by law, shall have power to grant writs of habeas corpus in all cases of a prisoner, or prisoners in jail, or confinement, where he or they shall be committed or confined on, or by any authority of law, for any act done, or omitted to be done, in pursuance of a law of the United States. * * *" Act March 2, 1833, c. 57, § 7, 4 Stat. 634.

This law has been recast in the Revised Statutes, and the body of it, with changed phraseology, now constitutes section 753; and, as already indicated. there is in it no grant of power, so that it must now be construed with reference to its position, following sections 751 and 752, in order to give it any definite and clear meaning, unless we assume that by implication it confers power to grant writs of habeas corpus in the

excepted cases enumerated. Thus construed, the section, by implication, would confer jurisdiction upon the federal courts generally, without discriminating between Circuit and District Courts, to issue writs of habeas corpus in behalf of persons held in custody in violation of the Constitution of the United States. It is the main contention of the petitioner in this case that, as the respondents have refused to surrender the child in compliance with the order of a court of the state of California, they have failed to give full faith and credit in the state of Washington to a judgment of a court of the state of California, and that such refusal constitutes detention of the child in custody, in violation of section 1 of article 4 of the Constitution, and that the habeas corpus law does, expressly or by implication, confer jurisdiction upon this court, as a Circuit Court of the United States, to grant the relief which he seeks by the writ of habeas corpus. If the law by necessary implication does confer jurisdiction upon the federal courts to grant writs of habeas corpus in the particular cases enumerated in section 753, such implied jurisdiction is necessarily limited by the conditions to which the law is applicable, and does not include this case, for the reason that the child is not imprisoned in jail, and imprisonment in jail appears to be the first condition recited in that section, and is the controlling condition governing all of the cases which, by reason of the exceptions, the federal courts are permitted to take cognizance of.

There is another fatal objection to the petitioner's contention. That objection is grounded upon the difficulty of bringing the case within the purview of the full faith and credit clause of the Constitution. That section of the Constitution provides that Congress may by general laws prescribe the manner in which the public acts, records, and judicial proceedings of every state "shall be proved, and the effect thereof"; and, pursuant to that authority, congress has, by section 905, Rev. St. [U. S. Comp. St. 1901, p. 677], prescribed the manner in which public acts, records, and proceedings shall be proved, and the effect thereof, as follows:

"Sec. 905. * * * The records, and judicial proceedings of the courts of any state or territory, or of any such country, shall be proved or admitted in any other court within the United States, by the attestation of the clerk and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, that the said attestation is in due form. And said records and judicial proceedings so authenticated, shall have such faith and credit given to them in every other court within the United States as they have by law or usage in the court of the state from which they are taken."

Under this law a judgment of a court of a state can only be made effective elsewhere within the United States through the instrumentality of a court having local jurisdiction. Section 905, and the provisions of the Constitution upon which it is based, establish a rule of evidence, rather than a ground of jurisdiction. Wisconsin v. Pelican Insurance Co., 127 U. S. 265–300, 8 Sup. Ct. 1370, 32 L. Ed. 239. See, especially, pages 291–293, 127 U. S., pages 1375, 1376, 8 Sup. Ct., 32 L. Ed. 239.

Applying this rule to the case in hand, a duly authenticated transcript of the judgment awarding to the petitioner custody of his child is competent evidence in this state, and, when so proved in a court of this state, the judgment itself will have the same validity, force, and virtue

in this state that it has by law or usage in the state of California. Unless it can be impeached for fraud or lack of jurisdiction in the court which rendered it, the parties and the court will be bound by it, so far that the controversy which it determined cannot be again litigated in this state. But until a court other than a court of the state of California refuses to give such faith and credit to that judgment, the refusal of the respondents to surrender the child will not constitute a violation of the Constitution. In this connection, it should be noted that the petition does not allege that, in the proceedings for legal adoption of the child by the respondents, the Washington court failed to give full faith and credit to the order of the California court awarding custody of the child to the petitioner, or acted with knowledge thereof. The duty of the respondents to obey the command which the judgment contains is not more imperative by reason of their presence in this state than if they had remained in California, and their custody of the child in this state is not in violation of the Constitution. It is not, because, according to the act of Congress, the judgment awarding the legal custody to the petitioner can have no other force or effect in this state than it has in California; and, until equal faith and credit has been refused by a court, there can be no ground for complaining of any violation of the Constitution, and no cause of action which will entitle the petitioner to invoke the jurisdiction of a national court for the preservation of a constitutional right.

I regard chapter 13 of title 13, Rev. St., as one law, intended to govern the practice of the federal courts in habeas corpus cases; the several sections thereof having relation to each other to constitute a complete, harmonious system. In general terms, it authorizes the courts, and the justices and judges thereof, to issue writs of habeas corpus, and dispose of persons restrained of liberty, as law and justice require; prohibiting, however, the use of the writ in behalf of prisoners in jail, except in the enumerated cases in which the national government, acting within its sphere, may properly interfere. And I am constrained by the decision of the Supreme Court in the case of Burrus, 136 U. S. 586, 10 Sup. Ct. 850, 34 L. Ed. 1500, to hold that the authority which the law gives does not enlarge the jurisdiction of this court, to embrace this case.

Motion to dismiss granted.