206 So.2d 620 (1968)
Donald E. LADNER
v.
Frances Temple LADNER.
No. 44728.
Supreme Court of Mississippi.
January 29, 1968.
*621 Hewes & Gillespie, Roberts, Young & Stelly, Gulfport, for appellant.
Roy D. Powell, Jackson, for appellee.
RODGERS, Justice:
This case came to this Court from the Chancery Court of the First Chancery Court District of Hinds County, Mississippi. It is an appeal from a decree in which the appellant, Donald Ladner, was found to be in contempt of the chancery court and guilty of civil and criminal contempt. He was ordered to pay appellee, Frances Temple Ladner, $50, on penalty of imprisonment, and was also required to serve 10 days in jail for willful and premeditated contempt of court, in that he failed and refused to abide by a previous order of the chancery court. The appellee paid $50 as directed, and has appealed from that part of the decree requiring him to serve 10 days in jail for criminal contempt.
The record reveals that Donald E. Ladner filed an original bill seeking a divorce from the appellee, Frances Temple Ladner, in 1965. The appellee did not contest the bill for divorce, and a divorce decree was granted to the appellant on December 6, 1965. The appellant was given exclusive custody of their two minor children, Donald E. Ladner, Jr. and Kimberly Jo Ladner. Thereafter, on January 26, 1966, the appellee filed a petition to set aside the decree in the original case, and asked in the alternative that the decree be modified. The decree was modified so as to permit visitation rights to the appellee. On August 5, 1966, Mrs. Frances Temple Ladner filed another petition in which she requested a change in the original divorce decree so as to give her the permanent care and custody of their minor children. The chancellor was of the opinion that the circumstances had changed so that it was to the best interest of the children for them to be given to their mother and for the appellant to be given the right to visit them. An order was entered by the court to effect the decision of the chancellor. Appellant appealed from this order, but the chancellor denied an appeal with supersedeas; thereupon  an application for supersedeas was submitted to a member of this Court. A hearing was had resulting in an order permitting an appeal with supersedeas, upon posting a bond. This case is now on appeal to this Court, but the issue in that case is not now before us on this branch of the proceedings.
Appellant brought to the attention of the Harrison County Family Court the condition of his children, so that at the hearing the judge in that court directed the appellant to institute an action in that court. On October 10, 1966 (apparently without notice to appellee), an order was entered in that court giving full custody of the children to the appellant. Thereafter, on February 3, 1967, the appellee filed a petition, an affidavit against the appellant, charging him with contempt of the Chancery Court of Hinds County, Mississippi, based upon his failure to carry out the order of the court as set out in the order of April 6, 1966. This hearing resulted in a decree of the chancery court in which the appellant was found to be in contempt of the chancery court.
The appellant has filed several assignments of error, but they are based on two major premises: (1) It is contended that the appellee is suffering with serious emotional *622 and mental problems, and that the appellant has been "hindered by a procedural rule of law which has placed him in a position of being unable to bring before the Court all of the facts which make up the total picture and reveal the true situation existing in regard to the safety and welfare of the two minor children here involved." Thus, it is said, his alleged violation of a previous order of the court was not allowed, so he was not permitted to establish his motivation in going to the Harrison County Family Court. (2) It is contended that the chancellor was in error in holding the order of the Harrison County Family Court to be void because, it is said, that court had exclusive jurisdiction of the children here involved.
We are of the opinion that the alleged errors are not well taken, and that the order of the chancery court under the facts here presented is proper and should be enforced, for the reasons hereinafter shown.
It has been the contention of the appellant throughout the entire proceedings in this case that the appellee had mistreated her children from the dates of their birth; that she had threatened to kill them with a pistol and with knives and scissors; and that she had beaten them severely. The chancellor accepted this theory and, in the original divorce suit, in which the appellee had failed to make any defense to the original bill, granted the custody of the children to the appellant. However, as time passed and new evidence was presented and it became apparent to the chancellor that appellee loved her children and was constantly making an effort to talk to them on the telephone and to visit them, he changed the decree in the original divorce suit insofar as the custody of the children was concerned so as to make it accord with the facts as he then found them to be. The appellant was not satisfied with this arrangement and decree by the court, and appealed with supersedeas from this order, as he had a right to do. Nevertheless, even if the Supreme Court of Mississippi reverses the order dated September 29, 1966, changing the permanent custody of the children, there remained and still remains the previous order of April 6, 1966, in which the appellant was bound to permit the appellee to visit the children. The appellant testified that he had failed to obey the order of the court on the advice of legal counsel and the direction of the Youth Court of Harrison County. He testified that "when it became evident to me upon their direction that the children were unnecessarily disturbed and were being torn and pulled and constantly trying to be made dissatisfied with the situation as it was and were constantly being told that they were going to come up here next week, or in a few days, and causing turmoil and confusion with the children, it was then that we quit bringing the children to visit. Never once has she been told that she cannot visit the children on the Coast." From the testimony of the appellant and other testimony in the record, the chancellor found that the appellant willfully failed to carry out the order of the chancery court by preventing appellee from visiting her children.
While appellant was testifying on direct examination, his attorney asked him if he feared for the safety of the children. The court sustained an objection upon the ground that the question was leading, and at the same time pointed out that this issue had been before the court at the time the original order was entered. Appellant's attorney, however, suggested that the appellant's fear was admissible to show his motive for not obeying the order of the court. The chancery judge then said, "Well he may testify as to facts but not conclusions since the date of the decree."
The appellant now contends that the court committed reversible error in not permitting him to again show that it was dangerous for his wife to have the custody of the children and that his motive in violating the order of the court should have been taken into consideration by the court *623 since it showed why he refused to obey the order of the court.
No objection was made to the ruling of the court.
At the outset it may be well to point out that where a contemnor defendant claims that he was acting upon the advice of counsel in violation of a solemn decree of the chancery court, this is no defense to a proceeding for contempt, although such fact may be taken into consideration by the chancellor in mitigation of the offense. United States v. Late Corp. of Church of Jesus Christ of Latter-Day Saints, 6 Utah 9, 80, 21 P. 503, 524 (1889); State ex rel. Mason v. Harper's Ferry Bridge Co., 16 W. Va. 864 (1879); Frost v. McLeod, 113 F. 531 (C.C.W.D. Wisc. 1902); Roberts v. Walley, 14 F. 167 (C.C.N.D.N.Y. 1882).
In contempt proceedings to determine whether or not a party has deliberately and intentionally violated an order of the trial court, the inquiry is limited to the issues as to whether or not the order was violated, whether or not it was possible to carry out the order of the court, and if it was possible, whether or not such violation was an intentional and willful refusal to abide by the order of the court. In a case where the alleged contempt consisted of the failure to comply with the terms of the court order or decree, an inquiry into the merits of the order or decree will not be permitted. State ex rel. Mason v. Harper's Ferry Bridge Co., supra; People v. Spalding, 2 Paige 326 (N.Y. 1831).
Judge Griffith points out in Mississippi Chancery Practice section 668 (2d ed. 1950) that:
"He who disobeys the orders of a court of general jurisdiction does so at his peril. It is no answer that the order or decree was improvidently or erroneously granted, however erroneous or improvident it may be. It is only where the order or decree is void, or where there was absolutely no jurisdiction under any circumstances, or where there is no state of facts which make it, or the part charged to have been disobeyed, any other than utterly of no force, that any answer attacking the decree itself is allowed,  it is no defense whatever that the decree is erroneous so long as not void. If without taking the lawful steps, as by appeal, by seasonable application to have the decree or order vacated or corrected, for which in all just cases there are amply orderly provisions, a party could disobey a decree and upon that disobedience defend on the ground that in his opinion the decree was erroneous it would be as well to do away with courts and allow men with all their differences and diversities of opinion, just and unjust, to take what they could by force."
Again it is said by Judge Griffith, in section 669:
"The defense must therefore be that the alleged contemnor has not in fact committed the offense, as to which the party moving the rule will have the burden of proof; or that he has been physically unable, or that without fault on his part it has been impossible for him to comply with the decree, and the like excuses, as to all of which the respondent will have the burden of proof."
Thus it may be seen that the defendant or contemnor cannot defend upon the ground that he does not agree with the previous order and considers the order of the court decree to be wrong, even though his motives in so doing are based upon pure moral sentiment. This does not mean, however, that the court cannot take into consideration human fear and frailties, misapprehensions, and mistakes in determining the sanctions to be imposed. It does mean that one may not intentionally avoid doing that which he is legally required to do because of reasons of his own. This is especially true where the reasons then offered for refusing to obey the order of the court had been previously presented *624 to the court at the time when the original order was entered and the court had ruled against such contention.
We are therefore of the opinion that the chancellor was correct in refusing to permit the appellant to again introduce evidence to show why he did not want his children to stay with their mother.
It was also the contention of the appellant at the hearing in the contempt proceedings that the order of the Chancery Court of Hinds County, Mississippi, dated April 6, 1966, had been altered, superseded and modified by an order of the Harrison County Family Court in an order dated October 10, 1966. It was then contended that the Harrison County Family Court had exclusive jurisdiction and custody of the children here involved. We are of the opinion, however, that this contention is not well taken.
When the charge of contempt came on for hearing, and before evidence was introduced in the trial, the chancellor called attention to the fact that the respondent offered as a defense an order modifying the previous order of the Chancery Court of Hinds County. This issue was then argued as a legal proposition, and the court held that the order of the Family Court of Harrison County, Mississippi was null and void. The appellant contends on appeal that since the chancellor also held that no process was issued, no evidence was taken at this point before the chancery court with reference to process, and that this ruling of the chancery court was reversible error.
We do not agree with this contention because the ruling of the chancellor as to the validity of the order of the Family Court of Harrison County, Mississippi was based upon the legal issue of conflicting jurisdiction. Moreover, we are of the opinion that the chancellor was correct in his ruling. The First Chancery Court District of Hinds County, Mississippi was the proper court in which to file the original bill for divorce. Mississippi Code 1942 Annotated § 2738 (1956).
When a bill is filed for divorce, and there are children of the parties within the state, they are subject to the jurisdiction and custodial control of that court. The pertinent part of section 2743, Mississippi Code 1942 Annotated (1956) is in the following language:
"When a divorce shall be decreed from the bonds of matrimony, the court may, in its discretion, having regard to the circumstances of the parties and the nature of the case, as may seem equitable and just, make all orders touching the care, custody and maintenance of the children of the marriage * * *; and the court may afterwards, on petition, change the decree, and make from time to time such new decrees as the case may require."
In the early cases it seemed to be the rule that the assumption of jurisdiction by a juvenile court over a child, in conformity to the statute expressly conferring on that court the power to determine the custody of a neglected or delinquent child, prevented the assumption of jurisdiction over such child by any other court. Even in these cases, however, it appears that the court which first assumed jurisdiction continued to enforce its orders with reference to the child without regard to the jurisdiction of other courts. See Annot., 11 A.L.R. 147 (1921). The cases indicate, however, that the courts in more recent instances have manifested a distinct tendency to confine the jurisdiction of the juvenile court within the limitations imposed by the statute, namely, to cases involving neglected or delinquent minors, and not to encroach upon the jurisdiction in respect to minors heretofore existing in courts of general jurisdiction. Annot., 78 A.L.R. 317 (1932). It seems to be clear now, however, that the general rule  supported by the great weight of authority, as stated in or inferrable from the cases involving the questions  that juvenile jurisdiction acquired *625 by a court in divorce proceedings over the subject of the custody and maintenance of the child or children of the parties to the divorce suit is not only continuing, but is also exclusive and precludes any other court in the same state or sovereignty from thereafter acquiring or exercising jurisdiction over the same subject. All proceedings related to the maintenance and custody of such child or children of the divorced parents must thereafter be brought in the same court as that in which the original decree affecting that subject was rendered. See the many cases on this point set out and collected in Annot., 146 A.L.R. 1155 (1943).
Judge Griffith had this to say in Mississippi Chancery Practice section 46 (2d ed. 1950):
"When two courts of equal judicial rank are administering justice side by side it is of the highest importance that there be no interference by one with the orders and processes of the other, and our courts of law and chancery are now so sensible of this that no clashes occur, or so rarely that it will be purely accidental and then will be immediately corrected by the court whose order was subsequent in point of time. But it was not always so, for in the early history of the law there was manifested a disposition on the part of the law judges,  who had come to regard their limited code as the perfection of all law and their crude remedies as being all that was desirable,  to resort to various devices to curtail the growing powers of the chancellor, to which the chancery court responded by its irresistible process of injunction: by enjoining all persons from interfering with the process and orders in chancery or with any of the officers or agents in the execution or enforcement thereof."
In Griffith v. Vicksburg Waterworks Company, 88 Miss. 371, 40 So. 1011 (1906), the Court held that in all cases of concurrent jurisdiction the court which first exercised the jurisdiction would finally decide the case. In the case of Hawie v. Hawie, 128 Miss. 473, 91 So. 131 (1922), where one was held in jail under indictment of murder in Hinds County by authority of the Circuit Court of Newton County, the prisoner was under exclusive jurisdiction of the circuit court of the county where the indictment was pending, namely, Newton County, and the Court held that the circuit court acquired jurisdiction over George Hawie to try him for the alleged crime of murder. In that case the chancery court had no jurisdiction to try the defendant in lunacy proceedings, and there was no conflict between the jurisdictions of these two courts in this matter.
We are of the opinion that the Chancery Court of Hinds County, Mississippi had the exclusive jurisdiction of the custody of the children here involved, as between Mr. and Mrs. Ladner. This does not mean, however, that the child could not be tried in the juvenile court or even in a criminal court if the facts warranted it. It does mean, however, that as between Mr. and Mrs. Ladner, Mr. Ladner could not use the juvenile court to attempt to change or modify an order of the chancery court.
We are of the opinion that there is no error in the record on appeal in this case and that the decree of the chancery court should be, and is, hereby affirmed.
Affirmed.
ETHRIDGE, C.J., and JONES, BRADY and SMITH, JJ., concur.