COLEMAN, Justice,
dissenting-.
¶ 18. The majority concludes that Section 9-9-21 grants county court jurisdiction only where the thing in controversy has a dollar value between zero and $200,000. The jurisdictional statute in question requires an affirmative showing that the value of the thing in controversy exceeds $200,000 before the county court does not have jurisdiction. The value of child custody is a nullity; therefore, under the plain language of Section 9-9-21 it simply cannot be said to exceed $200,000. Accordingly, I respectfully dissent.
¶ 19. As the majority notes, the United States Supreme Court previously has held that child custody determinations are of no ascertainable pecuniary value. Barry v. Mercein, 46 U.S. 103, 118, 5 How. 103, 12 L.Ed. 70 (1847) (citing Ritchie v. Mauro, 27 U.S. 243, 244, 2 Pet. 243, 7 L.Ed. 411 (1829)). In Ritchie, the Court stated, “The office of guardian [of a minor child] is of no value.” Ritchie, 27 U.S. at 244. Later, in Barry, the Court relied on Ritchie in holding that “no test of money value can be applied” for custody disputes. Barry, 46 U.S. at 120. Thus, custody has no value because its value cannot be ascertained. For legal controversy purposes, the amount of value of custody is nothing. However, by “nothing,” the Barry and Rit-chie Courts did not mean the value was equal to zero. Rather, the value defies any calculation whatsoever and is a nullity. The majority characterizes the value of custody as “outside the bounds of monetary value altogether,” (Maj. Op. ¶ 8) and I agree. The majority concludes that, because the value is outside the bounds of monetary value, child custody is not within the jurisdiction of county courts. Here, I disagree. The majority’s conclusion ignores the plain language of the statute.
¶ 20. Section 9-9-21 states in pertinent part, “[T]he county court shall be as follows: ... it shall have jurisdiction concurrent with the circuit and chancery courts in all matters of law and equity....” Miss.Code Ann. § 9-9-21 (Rev. 2014). I am of the opinion that if the statute stopped here, the county court would have broad, concurrent jurisdiction in all matters of law and equity or, in other words, in everything. However, the Legislature added one contingency, stating, “[W]herein the amount of value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of Two Hundred Thousand Dollars ($200,000.00).... ” Miss.Code Ann. § 9-9-21 (emphasis added). By limiting the amount in controversy to not exceed $200,000, the Legislature gave county courts the whole universe of jurisdiction with the sole exception being *1136 where the thing in controversy exceeds $200,000.
¶21. Section 9-9-21 notably differs from 28 U.S.C.A. Section 1382, defining federal diversity jurisdiction, and the difference helps illuminate my disagreement with the majority. Section 1332 states: “The district court shall have original jurisdiction ... where the matter in controversy exceeds the sum or value of $75,000....” 28 U.S.C.A. § 1332 (Supp. 2014) (emphasis added). Under Section 1332, the value of the matter in controversy must exceed $75,000. Whereas, under Section 9-9-21, the value must not exceed $200,000. If the Legislature had chosen to draft Section 9-9-21 in a manner similar to Congress’s wording of Section 1332, then the majority would be correct, but it did not.
¶ 22. Drawing comparison between Section 1332 and the statutes at issue in Barry and Ritchie highlights the effect of the “must exceed” language on the jurisdictional limit. In Ritchie, the Court held that where the amount in controversy must exceed $2,000, the Court did not have jurisdiction because “the value in controversy [was] not ... sufficient to entitle the party by law to claim an appeal.” Ritchie, 27 U.S. at 244. Similarly, in Barry, the Court applied the Judiciary Act of 1789, Chapter 20, Section 22 and found no jurisdiction because the matter in dispute must exceed the value of $2,000, and when the matter is of no calculable value, the Court lacks jurisdiction. Barry, 46 U.S. at 119-20 (citing Judiciary Act, ch. 20, § 22, 1 Stat. 73, 84-85 (1789)).
¶ 23. The above-described federal jurisdictional statutes contain positive requirements that the amount in controversy be greater than' X. The value of child custody defies calculation and is a nullity. Therefore, it cannot be greater than X. Ergo, under a positive requirement jurisdictional statute, there can be no jurisdiction. On the other hand, Mississippi’s county court jurisdictional statute contains a negative requirement that the amount in controversy not be greater than Y. Stated differently, the value of the thing in controversy must exceed Y for the county court not to have jurisdiction. The value of child custody defies calculation and is a nullity. Therefore, it cannot be greater than Y. Ergo, under the negative requirement jurisdictional statute, the county court does have jurisdiction. In other words, a thing in controversy of no calculable value shall fall within the jurisdiction of the county court because the value cannot be said to exceed $200,000, which it must in order to deprive the county court of jurisdiction under the statute.
¶ 24. As a final note, the Court has, as Bronk points out, included language in some of our opinions that is fairly read to give chancery courts exclusive jurisdiction over all child custody matters. However, given the opportunity to review the Court’s pronouncements, I note that they result from pronouncements in Ladner v. Ladner, 206 So.2d 620 (Miss.1968), abrogated on other grounds by Bubac v. Boston, 600 So.2d 951, 954 (Miss.1992), which, over time, have been inadvertently broadened by the Court to hold that chancery court has exclusive jurisdiction over any child custody matter. Ladner held that, once a court has exercised jurisdiction over a case, that court then retains continuing, exclusive jurisdiction over it. Ladner, 206 So.2d at 624-25. The Ladner Court explained:
It seems to be clear now, however, that the general rule — supported by the great weight of authority, as stated in or inferrable from the cases involving the questions — that juvenile jurisdiction acquired by a court in divorce proceedings over the subject of the custody and *1137 maintenance of the child or children of the parties to the divorce suit is not only continuing, but is also exclusive and precludes any other court in the same state or sovereignty from thereafter acquiring or exercising jurisdiction over the same subject.
Id. The Ladner Court went on to state that, because the action in that case was first filed in the Hinds County Chancery Court, that court “had the exclusive jurisdiction of the custody of the children here involved, as between Mr. and Mrs. Ladner. This does not mean, however, that the child could not be tried in the juvenile court or even in a criminal court if the facts warranted it.” Id. at 625. Because Ladner was in the context of a chancery court’s child custody determination, the statements have, over time, been misinterpreted as simply declaring that the chancery court has exclusive jurisdiction over child custody, which, in my opinion, unless we ignore or judicially amend the county court jurisdictional statute, is not the case.
¶ 25. I am of the opinion that a thing in controversy incapable of valuation cannot be said to have a value in excess of 200,000 dollars. I would hold that, under Section 9-9-21, county court does have jurisdiction over child custody matters following a paternity action.
DICKINSON, P. J., AND KING, J., JOIN THIS OPINION.