Steven **GOLDSMITH**, Plaintiff-Appellant,

v.

Major General James W. **SUTHERLAND**, Defendant-Appellee.

No. 19767.

United States Court of Appeals, Sixth Circuit.

May 28, 1970.

Edward M. Post, Louisville, Ky., for appellant.

Reed Johnston, Jr., Dept. of Justice, Washington, D. C., William D. Ruckelshaus, Asst. Atty. Gen., Alan S. Rosenthal, Jr., Atty., Dept. of Justice, Washington, D. C., Ernest W. Rivers, U. S. Atty., Louisville, Ky., on the brief, for appellee.

Before CELEBREZZE, PECK and COMBS, Circuit Judges.

PECK, Circuit Judge.

This is an appeal from a judgment of the District Court dismissing plaintiff-appellant's action for lack of jurisdiction under 28 U.S.C. § 1331.

On December 14, 1968, appellant, a civilian, entered Fort Knox Military Reservation and started to distribute leaflets that contained a notice of a meeting which was to take place in Louisville, Kentucky, on that evening. The subjects advertised to be discussed

at the meeting concerned the war, servicemen's rights and Army racism. After a short time appellant's activities were halted by the Military Police. He was escorted to the Military Police station where he was photographed and fingerprinted. Appellant received a written exclusion order that informed him that his activities, without a permit, were in violation of Army Armor Center Regulation 210–1 ¶89.1, and that he was not to reenter the reservation without prior written permission from the Commanding General's headquarters.

Appellant brought this action in the District Court alleging deprivation of constitutional rights and seeking an injunction to restrain appellee from enforcing the written exclusion order. Appellant also sought to have the Army Armor Center Regulation declared unlawful and unconstitutional and to compel appellee to return to appellant his photograph, fingerprints and identification data taken by the Military Police. The complaint contained no statement of the grounds upon which the Court's jurisdiction depended.

The appellee moved to dismiss the complaint on the grounds that the District Court lacked jurisdiction and that the complaint failed to allege facts on which relief could be granted.

Appellant amended his complaint and alleged that jurisdiction was based on 28 U.S.C. § 1331 since the action arose under the Constitution of the United States and the matter in controversy exceeded the sum or value of $10,000. Appellant did not seek damages for his alleged unlawful arrest and detention in his complaint as amended.[1] The District Court subsequently granted appellee's motion to dismiss for lack of jurisdiction.

Since the appellee does not dispute appellant's contention that this case presents a federal question, the issue on appeal is thus limited to whether the matter in controversy exceeds the sum or value of $10,000.

Appellant makes two contentions here in support of his claim that the amount in controversy exceeds the dollar requirement for jurisdiction under Section 1331. He first states that he does not know the precise dollar value of his right to distribute the leaflets, but if a dollar value must be assessed, then the right is worth considerably more than the jurisdictional amount of $10,000. His alternate claim is that in a jury case, he might be awarded damages in excess of the jurisdictional amount for the alleged unlawful arrest and detention by the Military Police, and since in this action he seeks to restrain such activity, the value of the amount in controversy should be held to exceed $10,000.

In considering appellant's first contention, we find that there is no exception to the $10,000 requirement simply because the alleged damages under the asserted claim may be incapable of a monetary valuation.[2] The rule pertaining to the specified dollar sum requirement is that "the matter in dispute must be money, or some right, the value of which, in money, can be calculated and ascertained." Barry v. Mercein, 46 U.S. (5 How.) 103, 120, 12 L.Ed. 70 (1847). Appellant, by his own allegation, comes within this rule and jurisdiction under Section 1331 cannot be founded on a right secured by the Constitution unless it is capable of money valuation. See Hague v. C.I.O., 307 U.S. 496, 592, 59 S.Ct. 954, 83 L.Ed. 1423 (1938) (opinion of Stone, J.).

---

1. The case of Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), which was an action for monetary damages, is therefore without application.

2. See Giancana v. Johnson, 335 F.2d 366 (7th Cir. 1964), cert. denied, 379 U.S. 1001, 85 S.Ct. 718, 13 L.Ed.2d 702

(1965); Carroll v. Somervell, 116 F.2d 918 (2d Cir. 1941); Boyd v. Clark, 287 F.Supp. 561 (S.D.N.Y.1968), judgment aff'd without reaching jurisdiction question, 393 U.S. 316, 89 S.Ct. 553, 21 L. Ed.2d 511 (1969). *Contra* Murray v. Vaughn, 300 F.Supp. 688 (D.R.I.1969).

**1398**

 In connection with this first claim, appellant also states that to the extent that the monetary limit in Section 1331 is used as a basis for denying jurisdiction of cases involving constitutionally guaranteed rights Section 1331 is itself unconstitutional. We find that this claim is without merit since the federal district courts are courts of limited jurisdiction and have only such jurisdiction as Congress may confer upon them by statute. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 673, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Lockerty v. Phillips, 319 U.S. 182, 187, 63 S.Ct. 1019, 87 L.Ed. 1339 (1943).

Appellant's second contention refers to the amount of damages he might receive had he brought this suit at law in order to support his claim that the amount in controversy for jurisdiction under Section 1331 is satisfied. The law on this point is quite clear and the rule is that in injunction actions, the amount in controversy is not the amount that the plaintiff might recover at law, but rather the value of the right to be protected or the extent of the injury to be prevented. *See* Pennsylvania R. Company v. City of Girard, 210 F.2d 437, 439 (6th Cir. 1954); 1 Barron & Holtzoff, Federal Practice & Procedure, § 24, at 111 (Wright's ed.).

A substantial question is raised by the government as to the extent of the injury to be prevented. It contends that appellant has yet to suffer any injury by virtue of the exclusion order since the appellant has not requested permission to reenter the reservation since the exclusion order was issued against him, and further that there is no indication that such a request for permission to reenter the reservation would be unreasonably denied. We fail to see any measurable injury to appellant under the exclusion order, and since we have concluded above that the right to be protected here is incapable of valuation in monetary terms, appellant has failed to carry his burden in proving that the requisite amount in controversy under Section 1331 has been met. The District Court properly dismissed the action for a lack of jurisdiction because it does not appear to a legal certainty that the amount in controversy is present.

Affirmed.