**Joseph LUTERMAN**

v.

**Harold LEVIN, Individually and doing business as Ben Franklin Reading Club and as Keystone Readers' Service.**

**Civ. No. 70-462-K.**

United States District Court,
D. Maryland.

Sept. 4, 1970.

Sheldon H. Braiterman, Baltimore, Md., for plaintiff.

Theodore C. Mitchell and Blades & Rosenfeld, Baltimore, Md., and Stuart H. Savett, Philadelphia, for defendant.

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, District Judge.

Joseph Luterman, plaintiff herein, originally brought this action in the Circuit Court of Baltimore City seeking damages and injunctive relief against the defendant herein, Harold Levin. Defendant Levin subsequently filed a petition for removal of that action to this Court pursuant to 28 U.S.C. § 1441 et seq., alleging diversity of citizenship of the parties and original jurisdiction in this Court pursuant to 28 U.S.C. § 1332. This action is not removable on that ground, it appearing on the face of the petition that defendant is a citizen of Maryland. 28 U.S.C. § 1441(b) (second sentence thereof).[1] However, defendant additionally contends that this suit is based, at least in part, on a claim or right arising under the "full faith and credit" clause, article 4, section 1 of the United States Constitution, and that, therefore, this Court has removal jurisdiction without regard to the citizenship of the parties pursuant to 28 U.S.C. § 1441(b) (first sentence).[2] Plaintiff

---

I. 28 U.S.C. § 1441(b) provides:

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as

defendants is a citizen of the State in which such action is brought.

2. Although defendant's petition for removal has not been formally amended to reflect the above-referred-to full faith and credit contention, the parties have addressed themselves to that issue in letters to this Court, which have been placed in the official court file in this case. Formal amendment will therefore not be required before this Court considers that issue.

has filed a motion to remand this case to the Circuit Court of Baltimore City.

The background facts giving rise to the present litigation, as they appear from and are alleged in the bill of complaint filed in the state court, are as follows:

Plaintiff, doing business as "Neighborhood Readers Service," is engaged in the business of selling and servicing magazine subscription contracts. Prior to July, 1969, plaintiff was affiliated with Keystone Readers' Service, Inc. (Keystone), and had an exclusive regional franchise to solicit, sell and service magazine subscription contracts under agreements which Keystone had entered into with certain magazine publishers. From 1967 until July, 1969, plaintiff subfranchised those rights in Baltimore City and surrounding areas to defendant. In July, 1969, plaintiff terminated his relationship with Keystone and thereafter brought suit in the Circuit Court of Baltimore City against defendant for an alleged breach of the provisions of the sub-franchise agreement between plaintiff and defendant. That action was terminated as part of a settlement of a suit brought in the Court of Common Pleas of Philadelphia County, Pennsylvania, by plaintiff and other regional franchise owners against Keystone and other defendants not including the defendant in this case. However, while the defendant Levin is not a signatory to the "Agreement and Stipulation of Settlement" in the Pennsylvania action, plaintiff alleges herein that Levin is a party thereto and bound thereby.[3]

The gravamen of plaintiff's present complaint in this case is that the defendant is competing with plaintiff by illegal and tortious methods, which include the making of knowingly false statements about plaintiff's business to present and potential customers, interfering with existing contractual relations between plaintiff and his customers, and inducing the breach of such contracts, all allegedly in violation of the Agreement and Stipulation of Settlement referred to above. Defendant, while denying plaintiff's allegations, contends that plaintiff, in relying upon the Stipulation, has presented a full faith and credit clause issue which entitles defendant to remove this case to this Court.

Assuming, *arguendo*, that plaintiff, in these proceedings, relies upon the full faith and credit clause, it does not follow that this is a case "arising under" that clause as those two quoted words are used in 28 U.S.C. § 1441(b). *See also* 28 U.S.C. § 1331(a).[4] If the final outcome, in whole or in part, of these proceedings is dependent upon full faith and credit being given to a Pennsylvania judicial order by a Maryland court, then, in that instance, these proceedings might well be said to arise under a Pennsylvania public act to which full faith and credit must be given under the Constitution of the United States, but they would not arise under the full faith and credit clause of the federal Constitution within the meaning of 28 U.S.C. § 1331 (a) or § 1441(b). The full faith and

---

3. Defendant has filed an answer denying that defendant was a party to the Pennsylvania Stipulation. However, defendant's right to remove to this Court would seem to rest upon plaintiff's claims concerning the Pennsylvania Stipulation. In that regard, while it is not specifically alleged or admitted by either party hereto, both sides appear to argue the removal issue on the assumption that the Pennsylvania Stipulation was judicially approved by the Pennsylvania court.

4. 28 U.S.C. § 1331(a) provides:
   (a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.
   Defendant appears to concede, at least for purposes of removal to this Court, that the amount in controversy exceeds $10,000.

credit clause simply "prescribes a rule by which courts, Federal and state, are to be guided when a question arises in the progress of a pending suit as to the faith and credit to be given by the court to the public acts, records, and judicial proceedings of a state other than that in which the court is sitting." Minnesota v. Northern Securities Co., 194 U.S. 48, 72, 24 S.Ct. 598, 605, 48 L.Ed. 870 (1904). The full faith and credit clause does not provide an independent basis of jurisdiction. *See* Wisconsin v. Pelican Insurance Co., 127 U.S. 265, 291–292, 8 S.Ct. 1370, 32 L.Ed. 239 (1888); People of State of California ex rel. McColgan v. Bruce, 129 F.2d 421, 424 (9th Cir. 1942); Clifford v. Williams, 131 F. 100, 105 (C.C.D.Wash.1904). Were it otherwise, as the Court noted in People v. Bruce, supra, 129 F.2d at 424,

> any attempt, at any time or place, by any person, to enforce the provisions of any state statute or judgment would be, without more, a subject of federal jurisdiction.

It follows that even if the bill of complaint herein is read to invoke the full faith and credit clause in order to enforce the Pennsylvania Stipulation outside of Pennsylvania, the claim is not one arising under the Constitution of the United States for purposes of 28 U.S.C. §§ 1331(a) or 1441(b). Therefore, this Court is without original jurisdiction of this action, and plaintiff is entitled to have this case remanded to the state court from which it was removed.

For the reasons set forth hereinabove, it is this 4th day of September, 1970, by the United States District Court for the District of Maryland, ordered that:

(1) This cause be, and it is hereby, remanded to the Circuit Court of Baltimore City for any further proceedings.

(2) The Clerk is directed to mail copies of this Memorandum and Order to counsel of record in this case.