The STATE OF NEW YORK ex rel. Louis O. LARSON, in behalf of Barbara Anne Larson, Petitioner,

v.

The HOLY SPIRIT ASSN. FOR WORLD UNIFICATION a/k/a Unification Church, Respondent.

No. 78 Civ. 6126 (VLB).

United States District Court, S. D. New York.

Jan. 9, 1979.

Alan G. Apfel, Great Neck, N. Y., for petitioner.

Leonard H. Rubin, Scarsdale, N. Y., for respondent.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

Petitioner ("Louis O. Larson") began this action against respondent ("the Unification Church") by filing a petition for a writ of habeas corpus in the Supreme Court of the State of New York, County of New York, on December 18, 1978.

By filing a Petition for Removal ("Petition") on December 21, 1978, the Unification Church removed the action from the Supreme Court of the State of New York to this court. In its Petition, the Unification Church stated that this action is one over which this court has original jurisdiction under 28 U.S.C. § 1331[1] and is therefore one that is properly removable under 28 U.S.C. § 1441.[2]

The removal statutes provide, *inter alia,* that "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case . . . ." 28 U.S.C. § 1447(c). Because I find that this case satisfies neither the "arising under" requirement nor the jurisdictional amount requirement of 28 U.S.C. § 1331(a), I remand this case to the Supreme Court of the State of New York, County of New York.

### 28 U.S.C. § 1331(a) and the "Arising Under" Requirement

"In an action invoking the original jurisdiction of the district court on the basis that the action is one 'arising under,' the federal ground must appear in the [state court] complaint well pleaded." 1A J. Moore, *Federal Practice* ¶ 0.160 (2d ed. 1974) (footnote omitted). This principle applies to removal jurisdiction under 28 U.S.C. § 1441, *id.,* "and there can be no removal on the basis of a federal question presented for the first time in defendant's petition for removal or his answer." *Id.* (footnote omitted).

The only possible federal ground that appears in Louis O. Larson's state court petition for habeas corpus is a claim

1. 28 U.S.C. § 1331(a) reads as follows:
 § 1331. Federal question; amount in controversy; costs
 (a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States except that no such sum or value shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity.

2. 28 U.S.C. § 1441(a) and (b) read as follows:
 § 1441. Actions removable generally
 (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
 (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

that a certain Missouri court order is entitled to full faith and credit in the courts of the State of New York. That full faith and credit claim, even though it is based on Article IV, § 1 of the Constitution of the United States, is not a claim that "arises under the Constitution [or] laws" for the purposes of 28 U.S.C. § 1331 and § 1441. *Luterman v. Levin,* 318 F.Supp. 11, 12–13 (D.Md.1970). *Cf. Hazen Research, Inc. v. Omega Minerals, Inc.,* 497 F.2d 151, 153 n.1 (5th Cir. 1974) (dictum) (case involving 28 U.S.C. § 1738) ("a fight over the enforcement of a state court judgment is not automatically entitled to a federal arena."). Thus, because any possible First Amendment claims in this case arise only by way of defense or answer, this case is not one that "arises under" the Constitution or laws in the required sense.[3]

### 28 U.S.C. § 1331 and the Jurisdictional Amount Requirement

 This case also does not satisfy the jurisdictional amount requirement of Section 1331. Whether or not that requirement is met must be determined "from the plaintiff's [here Louis O. Larson's] standpoint . . . ." *Kheel v. Port of New York Authority,* 457 F.2d 46, 49 (2d Cir.), *cert. denied,* 409 U.S. 983, 93 S.Ct. 324, 34 L.Ed.2d 248 (1972). Essentially what Louis O. Larson seeks in this action is the removal of his daughter, Barbara Anne Larson, from her alleged confinement by the Unification Church and the return of his daughter to his custody. Thus the right that Louis O. Larson seeks to vindicate is the right of a parent to the custody of his child. That right is not susceptible to valuation in monetary terms. Therefore, the jurisdictional amount requirement is not met in this case because "[t]he federal courts cannot take cognizance under section 1331 of cases in which the rights are not capable of valuation in monetary terms." *Kheel v. Port of New York Authority, supra,* 457 F.2d at 49. *Accord, McGaw v. Farrow,* 472 F.2d 952, 954 (4th Cir. 1973) (alternative holding); *Goldsmith v. Sutherland,* 426 F.2d 1395, 1397–98 (6th Cir.), *cert. denied,* 400 U.S. 960, 91 S.Ct. 353, 27 L.Ed.2d 270 (1970); *Bijeol v. Benson,* 404 F.Supp. 595, 599 (S.D.Ind.1975); *Senate Select Committee on Presidential Campaign Activities v. Nixon,* 366 F.Supp. 51, 59 (D.D.C.1973); *Yahr v. Resor,* 339 F.Supp. 964, 968 (E.D.N. C.1972); *Boyd v. Clark,* 287 F.Supp. 561, 564 (S.D.N.Y.1968) (three-judge court), *aff'd on other grounds,* 393 U.S. 316, 89 S.Ct. 553, 21 L.Ed.2d 511, *rehearing denied,* 393 U.S. 1112, 89 S.Ct. 852, 21 L.Ed.2d 812 (1969). *See Jackson v. American Bar Association,* 538 F.2d 829, 831 (9th Cir. 1976) (dictum).[4]

A copy of this order of remand shall be mailed to the clerk of the Supreme Court of the State of New York, New York County. 28 U.S.C. § 1447(c).

The hearing scheduled in this case for Wednesday, January 10, 1979 at 2:30 p. m. is cancelled.

SO ORDERED.

---

**3.** The Unification Church relies on *Riley v. New York Trust Co.,* 315 U.S. 343, 62 S.Ct. 608, 86 L.Ed. 885 (1942), as authority to the contrary. That reliance is misplaced. *Riley* was a case that was before the Supreme Court pursuant to a writ of certiorari to the Supreme Court of Delaware. *Id.* The question of whether a full faith and credit claim can satisfy the "arising under" requirement of 28 U.S.C. § 1331 and § 1441 was not even mentioned.

**4.** The Unification Church cites three cases as authority to the contrary. *CCCO Western Region v. Fellows,* 359 F.Supp. 644, 647 (N.D.Cal. 1972) ("fundamental constitutional rights, of which freedom of speech is one, are 'almost by definition worth more than $10,000.' ") (quoting *Cortwright v. Resor, infra* ); *Fifth Avenue Peace Parade Committee v. Hoover,* 327 F.Supp. 238, 241–42 (S.D.N.Y.1971); *Cort-* *wright v. Resor,* 325 F.Supp. 797 (S.D.N.Y.), *rev'd on other grounds,* 447 F.2d 245, 250 (2d Cir. 1971) ("We need not pass on" the jurisdictional amount issue), *cert. denied,* 405 U.S. 965, 92 S.Ct. 1172, 31 L.Ed.2d 240 (1972). However, these cases are not on point because they all involved complaints in which there were pleaded allegations of First Amendment infringements. This is not such a case. Herein, any First Amendment claims arise only by way of defense in the Unification Church's answer. Such defense claims are not relevant to a determination of the jurisdictional amount issue. *Kheel v. Port Authority of New York, supra,* 457 F.2d at 49. Moreover, the cases cited by the Unification Church represent a minority view even on the limited point for which they stand.