John A. HADDEN and John S. Beard, Jr., Trustees of Manufacturers Trading Corporation, Debtor, Plaintiffs,

v.

Francis SMALL et al., Defendants.

Civ. A. No. 27543.

United States District Court
N. D. Ohio, E. D.
March 2, 1951.

McKeehan, Merrick, Arter & Stewart, Cleveland, Ohio, and Zalkin & Cohen, New York City, for plaintiff.

Maurice F. Hanning, Cleveland, Ohio, for defendants.

FREED, District Judge.

The plaintiffs were appointed trustees of Manufacturers Trading Corporation in the reorganization proceedings under Chapter X of the Bankruptcy Act in this Court. 11 U.S.C.A. § 501 et seq. They instituted this plenary action against the defendants individually and as co-partners doing business under the firm name of Barrow, Wade, Guthrie and Company.

Manufacturers Trading Corporation employed the defendants from 1939 to sometime in 1948 to make an annual audit and submit reports of the financial

position of the Company. In substance, the complaint charges the defendants with breach of the contract of employment and claims that the auditing firm failed to exercise the proper degree of care in auditing the books and records, and that they fraudulently misrepresented the true financial condition of Manufacturers Trading Corporation in the reports.

The United States Marshal's return of service of process in the action discloses that the defendants R. W. Kiersted and J. W. Gentles were personally served in Cleveland, and that service on the defendant partnership was effected by delivery of summons to R. W. Kiersted.

Defendants move to dismiss on the ground that plaintiffs have failed to allege diversity of citizenship and make the challenge that venue is not properly placed in this Court. An examination of the complaint clearly shows that plaintiffs do not rely on diversity of citizenship as the basis of jurisdiction but predicate their right to appear here on the authority of Williams v. Austrian, 1947, 331 U.S. 642, 67 S.Ct. 1443, 91 L.Ed. 1718 and Bankruptcy Act §§ 2, sub. a(6), (7), and 102, Title 11 U.S.C.A. §§ 11, 502. There can be no doubt of the merit of this position insofar as the right to bring suit in a federal court is concerned.

Neither the Austrian case nor the Bankruptcy laws, however, eliminate the requirements of and compliance with Title 28 U.S.C.A. § 1391(b) governing the question of venue.[1] This section reads:

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law."

Two separate queries are presented: (1) Is this the district where the individual partners should answer the claim made against them, and (2) may the partnership, as a jural entity, be sued in this district?

It is uncontradicted that defendant R. W. Kiersted is the only partner who resides in Ohio. This statute obviously prevents suit against the partners, other than R. W. Kiersted, individually.

Venue, as it concerns the partnership as a jural entity, is a more difficult problem. Two different, but not necessarily opposite views have been expressed by the courts. The traditional view has been that a partnership has no residence aside from that of the individual partners. Great Southern Fireproof Hotel Co. v. Jones, 1900, 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842. Thus, the partnership may be sued only in the district where the partners reside. Sutherland v. United States, 8 Cir., 1934, 74 F.2d 89; Koons v. Kaiser, D.C.1950, 91 F. Supp. 511; Gross v. Miller, 8 Federal Rules Service § 19a.1 (Case 1). The only deviation from the legal concept of this line of decisions is Darby v. Philadelphia Transport Co., D.C.1947, 73 F. Supp. 522. In that case the court permitted recovery against a partnership in the district in which the partnership had its principal place of business. It relied on Pennsylvania law which treats the partnership as a jural entity for some purposes. The decision found support in the rule applied to unincorporated associations, Sperry Products, Inc., v. Association of American Railroads, 2 Cir., 1942, 132 F.2d 408, 145 A.L.R. 694, and cases there cited. This doctrine does not extend the residence of the partnership to wherever it is doing business, but confines it solely to the district in which the principal place of business is located.

It is uncontroverted that the principal place of business of the defendant partnership is New York City. The conclusion is inescapable that the venue

---

1. No case or statutory authority has been called to the attention of this Court, nor has the Court found any which point to the fact that this is not the applicable statutory provision necessary to resolve the problem before the Court. See 6 Collier on Bankruptcy (14th ed.) § 3.19 [2] (venue).

is improper in respect of the defendant partnership whether either of the above stated rules is applied. It may well be urged that logic would dictate that no distinction should be drawn between a partnership and a corporation for venue purposes. Change in the concept of residence as applied to a partnership, well established by adjudicated cases, must await legislative enactment however. Cf. Title 28 U.S.C.A. § 1391(c). To regard partnership residence as any place where it does business, as it is applicable in the case of a corporation, would be tantamount to discarding the heretofore considered decisions.

The result follows that the only defendant who may be sued in this district is R. W. Kiersted. It does not appear that the other partners are indispensable parties defendant, hence the action may be dismissed as to them and as to the partnership "entity". The cause may proceed to trial against R. W. Kiersted. Title 28 U.S.C.A. § 1406; cf. Gross v. Miller, supra.

The motion will be granted and the complaint dismissed as to all defendants except R. W. Kiersted.