**JAMES TALCOTT, Inc., a corporation,**
**Plaintiff,**

v.

**Sidney C. BURKE and Nathan S. Anker,**
**partners d.b.a. Berwyck Sportswear,**
**Sidney Burke, Nathan S. Anker, Defendants.**

**Civ. A. No. 32849.**

United States District Court
N. D. Ohio, E. D.
Sept. 18, 1956.

Hugh Wells, Cleveland, Ohio, for plaintiff.

Klein & Klein, Cleveland, Ohio, for defendants.

WEICK, District Judge.

This action is one on an account for merchandise sold and delivered in 1954. Jurisdiction of the Court is based on diversity of citizenship.

The complaint alleges that the plaintiff is a New York corporation with its place of business in New York, N. Y.

The defendants are Sidney C. Burke and Nathan S. Anker, partners, doing business as Berwyck Sportswear, and Sidney C. Burke and Nathan S. Anker, individually.

The complaint alleges that Burke and Anker, residents of Cleveland, Ohio, operated here as a partnership, but are no longer in business and that the obligations set forth in the complaint were incurred by the partnership during its active life.

Summons on the complaint was duly served on the defendant Nathan S. Anker at his usual place of residence in this District, but the marshal's return indicates that he was unable to find the partnership or Sidney C. Burke.

The defendant Anker, who was properly served with summons, has moved to dismiss the complaint on the ground that proper venue for the action does not lie in this District. An affidavit of the defendant Burke was filed, which states that he has not been a resident of Ohio since March 10, 1956 and that he is now and has been a resident of the State of Pennsylvania since that time.

The affidavit of Burke appears to conflict with the allegations of the complaint concerning his residence. For the purposes of this memorandum, we will consider the affidavit as controlling.

Defendant claims that the liability of the individual partners for the partnership debts was joint and that, therefore, each partner was an indispensable party to this action.

He asserts that since neither Burke nor the partnership were served with summons that proper venue for the action cannot be found in this District.

Where jurisdiction is based upon diversity of citizenship, Title 28, U.S.C.A. § 1391(a) requires the action to be brought in the district where all the plaintiffs or all the defendants reside.

If Burke and the partnership are indispensable parties to this action then venue does not lie in this District and the complaint must be dismissed.

At common law the liability of the individual partners on contractual obligations of the partnership was joint. 30 Ohio Juris. p. 1068.

The Uniform Partnership Act now in force in Ohio, Rev.Code of Ohio, § 1775.-14, providing for joint liability of partners was merely declaratory of the common law.

Revised Code of Ohio Section 2703.25 provides:

"Procedure when defendants not all served.

"When service has been made on one or more defendants, but not on all, the plaintiff may proceed as follows:

"(A) If the action is against defendants jointly indebted upon contract, against the defendants served, unless the court otherwise directs;

"(B) If the action is against defendants severally liable, without prejudice to his rights against those not served, against the defendant served."

Revised Code of Ohio Section 2307.26 provides:

"Determination of cause as to parties before the court.

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights. When such determination cannot be had without the presence of other parties, the court may order them to be brought in, or dismiss the action without prejudice."

Revised Code of Ohio Section 2323.02 provides:

"Judgment for or against any party.

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants. By the judgment, the court may determine the final rights of the parties on either side, as between themselves, and grant to the defendant any affirmative relief to which he is entitled."

Revised Code of Ohio Section 2323.03 provides:

"Judgment against defendants at different times.

"In an action against several defendants, the court may render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper."

Revised Code of Ohio Section 2325.14 provides for making parties to the judgment, parties jointly liable who were not summoned.

Revised Code of Ohio Sections 1779.09 to 1779.11 permit a compromise or settlement with one joint debtor without discharging the other from liability.

As early as the case of Lampkin v. Chison, 10 Ohio St. 450, 451, the common law rule as to joint liability was held to be modified in Ohio by reason of statutory enactment.

In Weil v. Guerin, 42 Ohio St. 299, the court held:

"3. The firm of Walker & Weil being indebted as partners to Guerin for services rendered to and for them, the indebtedness was joint, and, under the former practice, on the death of Walker, Guerin's only remedy at law would have been a suit against Weil as surviving partner. But by the statute a change in this respect was affected, so that on the death of Walker and the appointment of his administrator, the debt became, in effect, a joint and several obligation, and Guerin had an election to sue Weil as surviving partner of Walker, or Delatombie as administrator of Walker, or both the surviving partner and the administrator. Rev.Stats. Sections 6102, 5009; Burgoyne v. [Ohio Life Ins. &] Trust Co., 5 Ohio St. 586; [President, etc., of] Clinton Bank [of Columbus] v. Hart, 5 Ohio St. 33."

See also Yoho v. McGovern, 42 Ohio St. 11, Stone v. Whittaker, 61 Ohio St. 194, 55 N.E. 614.

In 30 Ohio Jurisprudence p. 1072 the author says:

"Altho these statutes do not in terms deal with the joint contract right itself, their effect is to create such remedies as at common law were characteristic of joint and several contracts."

In Hadden and Beard v. Small, D.C., 145 F.Supp. 387, 388 the late Judge Freed in dealing with a similar motion said:

"It is uncontroverted that the principal place of business of the defendant partnership is New York City. The conclusion is inescapable that the venue is improper in respect of the defendant partnership whether either of the above stated rules is applied. It may well be urged that logic would dictate that no distinction should be drawn between a partnership and a corporation for venue purposes. Change in the concept of residence as applied to a partnership, well established by adjudicated cases, must await legislative enactment however. Cf. Title 28 U.S.C.A. § 1391(c). To regard partnership residence as any place where it does business, as it is applicable in the case of a corporation, would be tantamount to discarding the heretofore considered decisions.

"The result follows that the only defendant who may be sued in this district is R. W. Kiersted. It does not appear that the other partners are indispensable parties defendant, hence the action may be dismissed as to them and as to the partnership 'entity'. The cause may proceed to trial against R. W. Kiersted. Title 28 U.S.C.A. § 1406; cf. Gross v.

Miller [8 Federal Rules Service § 19a.1 (Case 1)]."

Rule 19 and Rule 21 of the Federal Rules of Civil Procedure, 28 U.S.C.A., permit the court to proceed against the party subject to its jurisdiction and to dismiss any party who is not indispensable.

The case of Grant County Deposit Bank v. McCampbell, 6 Cir., 1952, 194 F.2d 469, cited by defendant is not in point here. It involved an action by a Chicago partnership to collect on a partnership asset. One of the partners was a resident of the state and district where the action was brought which operated to defeat the jurisdiction of the court on the basis of diversity of citizenship until the resident partner disclaimed all interest in the partnership assets and was dismissed from the case. Since title to the assets of the partnership was involved, the resident partner was an indispensable party.

In our case, unlike the Grant case, the requisite jurisdiction on the basis of diversity of citizenship existed. The question here is one of venue. The partnership had been dissolved.

The Ohio law giving a remedy against the partner individually for firm obligations is more than a mere procedural right. As construed by the Supreme Court of Ohio, the Ohio statutes go to the substantive rights of the parties because they modify the rule as to joint liability.

While federal law governs in matters relating to mere procedure, the Ohio law giving the remedy should be followed by the District Court. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

If defendant's contention were correct, no federal court would have jurisdiction in this case. An action brought in the District Court in Pennsylvania, where the defendant Burke resides, would be met with the same objection as to venue. A partner could avoid jurisdiction of the federal court and prevent the filing of an action against his associate merely by moving his residence out of the state.

The partnership was created and had existed in this District. All of the partners resided here when the debt was incurred. The merchandise was sold and delivered here.

The conclusion is inescapable that under Ohio law Burke was not an indispensable party and, therefore, the action was properly brought in this District.

The defendant Burke and the partnership as an entity are hereby dismissed from the case. The motion to dismiss the complaint is overruled.