Roy DIBBLE, Appellant,

v.

Ruth Mark Jensen CRESSE, formerly known as Ruth Mark Jensen, Appellee.

No. 17732.

United States Court of Appeals Fifth Circuit.

Nov. 10, 1959.

I. R. Mayers, Miami, Fla., for appellant.

Henry Burnett, Walter Humkey, Phillip W. Knight, Miami, Fla., Fowler, White, Gillen, Yancey & Humkey, Miami, Fla., of counsel, for appellee.

Before HUTCHESON, TUTTLE and WISDOM, Circuit Judges.

PER CURIAM.

Brought by plaintiff-appellant against Sid W. Jensen, alleged to be a resident of Dade County, Florida, and Ruth Mark Jensen Cresse, hereafter entitled Ruth Cresse, alleged to be a resident of the State of New Jersey, the suit was for damages for personal injuries sustained by plaintiff in an automobile collision, in the State of Florida, between an automobile driven by him and an automobile owned and driven by Ruth Cresse.

On Motion of defendant Ruth Cresse, that it affirmatively appears from the amended complaint that, under Sec. 1391 (a), Title 28 U.S.C.A.,[1] there is improper venue, the suit was dismissed without prejudice, and plaintiff has appealed.

Here citing in support the decision and opinion of the United States District Court for the Middle District of Georgia, in Burke v. Greer, 114 F.Supp. 671, ap-

pellant insists that, though defendant has not waived the venue privilege, Sec. 1391 (a) supra, the fact that plaintiff joined her with a co-defendant who was suable in Florida, has in some way not made clear deprived her of it.

Appellee, citing Olberding v. Illinois Central R. Co., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39, insists that, upon principle and authority, appellant's position is without merit, and the judgment must be affirmed. We agree.

The judgment is affirmed.

---

1. "1391. Venue generally.
   "(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise pro-
vided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."