Billy Jack JONES and Thelma
Kay Jones

v.

UNITED STATES of America, et al.,
Metropolitan Life Insurance
Company—Interpleader.

Civ. A. No. CA 4–75–207.

United States District Court,
N. D. Texas, Fort Worth Division.

Feb. 24, 1976.

A. David Courtade, John W. Hughes, Simon & Simon, Fort Worth, Tex., for plaintiffs.

William L. Johnson, Jr., Asst. U. S. Atty., Frank D. McCown, U. S. Atty.,

Fort Worth, Tex., Stuart A. Lester, San Diego, Cal., for defendants.

Hawkins Golden, Dallas, Tex., for interpleader.

## MEMORANDUM AND ORDER

MAHON, District Judge.

This action arises under Title 5, Chapters 83 & 87, of the United States Code. Plaintiffs brought this action against the United States of America, the United States Civil Service Commission, Metropolitan Life Insurance Company ["Metropolitan Life"], and Irene K. Stillman, an individual, to obtain certain life insurance benefits, retirement benefits, and back wages of Richard C. Jones, deceased ["the deceased"]. In their complaint, Plaintiffs allege jurisdiction on the grounds of 5 U.S.C. § 8715.[1]

The facts of this case, as gleaned from the pleadings of the parties, may be stated as follows:

The defendant Stillman is the designated beneficiary of certain life insurance benefits, retirement benefits, and back wages of the deceased. The deceased was employed by the United States Post Office, through which he obtained the insurance policy and accrued the retirement compensation benefits in question. The deceased and the defendant Stillman had lived together in San Diego, California, for a period of approximately three years. While the deceased was employed by the United States Post Office, and while he was living with the defendant Stillman, the deceased executed certain documents purportedly designating the defendant Stillman as beneficiary in the event of his death. Subsequently, the deceased died of a gun-shot wound in San Diego, California. The San Diego police, through their investigations, determined that the deceased was murdered, and their investigation is still pending. The defendant Stillman has applied for the benefits in question in this action.

---

1. 5 U.S.C. § 8715 provides:

The district courts of the United States have original jurisdiction, concurrent with the Court of Claims, of a civil action or claim against the United States founded on this chapter.

Plaintiffs, relatives of the deceased, claim that the designation of beneficiary form filed by the deceased was improperly executed. Alternatively, Plaintiffs allege that the deceased was either incompetent or under duress at the time he executed the documents in question. Additionally, the complaint alleges that the defendant Stillman is implicated in the murder of the deceased.

Plaintiffs, residents of the Northern District of Texas, filed their complaint in this Court on August 8, 1975. On September 11, 1975, the defendant Metropolitan Life, a citizen of the State of New York doing business in both the Northern District of Texas and the Southern District of California, filed its answer and a bill of interpleader, basing jurisdiction on 28 U.S.C. §§ 1332 & 1335, and depositing into the Registry of the Court the sum of $46,000. On the same day, the Court enjoined the defendant Stillman from further prosecution of this cause of action in any other court. On October 14, 1975, the defendant Stillman filed her motions to dismiss for improper venue, or alternatively to transfer this cause of action to the United States District Court for the Southern District of California. These motions, fully briefed by all parties, are now before the Court.

## I.

### DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE UNDER F.R.C.P. RULE 12(b)(3) & MOTION TO TRANSFER UNDER 28 U.S.C. § 1406(a)

The defendant Stillman has moved to dismiss this action for improper venue under the Federal Rules of Civil Procedure, Rule 12(b)(3), or, alternatively, to transfer this action to the Southern District of California under 28 U.S.C. § 1406(a).[2] The defendant argues that since jurisdiction in this Court is based on 5 U.S.C. § 8715, the controlling venue statute for this action is 28 U.S.C. § 1391(b),[3] which provides that venue is proper only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law. Since all defendants in this action reside in the Southern District of California, and since the claim arose in that District, venue under 28 U.S.C. § 1391(b) is proper only in that District.

Plaintiffs, in their brief in response to the defendant's motions, now contend that this Court is also vested with jurisdiction under 28 U.S.C. § 1346(a)(2).[4] Plaintiffs further argue that since 28 U.S.C. § 1402(a)(1)[5] specifically provides for venue in cases where jurisdiction lies under 28 U.S.C. § 1346(a)(2), 28 U.S.C. § 1402(a)(1) is an exception to the general venue statute under 28 U.S.C. § 1391(b)'s "except as otherwise provided by law" provision. Since Plaintiffs reside in the Northern District of Texas, venue under 28 U.S.C. § 1402(a)(1) is proper only in this District.

At the outset, the Court could simply dismiss Plaintiff's argument on the ground that they only plead jurisdiction under 5 U.S.C. § 8715. Their complaint lacks any reference to 28 U.S.C. § 1346(a)(2). Further, jurisdiction exists under 28 U.S.C. § 1346(a)(2) only where

2. 28 U.S.C. § 1406(a) provides:

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

3. 28 U.S.C. § 1391(b) provides:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

4. 28 U.S.C. § 1346(a) provides in pertinent part:

(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

\* \* \* \*

(2) Any other [*i.e.*, non-tax] civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. . .

5. 28 U.S.C. § 1402(a) provides in pertinent part:

the amount in controversy is less than $10,000. In the present case, Plaintiff has specifically plead that the amount in controversy exceeds the sum of $10,000. Nevertheless, because of the filing of the defendant and interpleader Metropolitan Life's bill of interpleader, and because of the defendant Stillman's alternative motion to transfer under 28 U.S.C. § 1404(a), it is necessary to determine where venue would lie if Plaintiffs had properly plead 28 U.S.C. § 1346(a)(2), and it were applicable.

Were the Court to accept Plaintiffs' position that jurisdiction lies concurrently under both 5 U.S.C. § 8715 and 28 U.S.C. § 1346(a)(2), the venue statutes associated with those jurisdictional statutes would create an anomalous situation. Thus in actions based on Chapter 87 of Title 5 of the United States Code, venue would lie in one district if the claim were one for less than $10,000, and in another if the claim were one for more than $10,000. This would be a clearly unacceptable situation.

■ It is fundamental that Congress may limit the jurisdiction of the federal courts by the use of amount-in-controversy provisions. *Barry .v. Mercein*, 46 U.S. (5 How.) 103, 12 L.Ed. 70 (1847). Venue, however, which relates not to the power to adjudicate but to the place where that power is to be exercised, is a concept oriented around the convenience of the litigants and the court system. *See* Wright, *Handbook of the Law of Federal Courts* § 42 (1970). For this reason, the federal courts are given great discretion in determining venue. *See, e. g.*, 28 U.S.C. § 1404(a). It would entirely defeat the purpose of the venue statutes to send the litigants to various geographical judicial districts dependent upon the size of their claim.

■ The purpose behind the venue requirements of 28 U.S.C. § 1402(a)(1) is plain. Most suits under 28 U.S.C. § 1346(a)(2) involve an immediate controversy between the plaintiff and the United States as party defendant. Normally, in such a case, there is no judicial district more convenient to the plaintiff than the district in which he resides. The purpose of the limitation is to protect the plaintiff from abuse by the United States' forcing the plaintiff to litigate the controversy in an inconvenient forum, and similarly to protect the United States.

■ The purpose behind the venue requirements of 28 U.S.C. § 1391(b) is equally plain. This statute, by offering the alternative of the judicial district where all the defendants reside, or in which the claim arose, places venue in those judicial districts which, in a normal suit, would be most convenient to the defendant. The statute conspicuously omits the alternative of the judicial district where all the plaintiffs reside, that is available under 28 U.S.C. § 1391(a). *See* Wright, supra, § 42.

In the present case, the United States is at best an incidental party.[6] The real party defendants ·against which a claim is asserted, and which have a stake in the outcome, are the defendant individual Stillman and the defendant corporation Metropolitan Life. Hence, in this action, the policy of 28 U.S.C. § 1391(b), not that of 28 U.S.C. § 1402(a)(1) is applicable.

28 U.S.C. § 1346(a)(2) is a broad grant of jurisdiction in terms of the types of actions that it encompasses, but is narrowed by an amount in controversy limitation. Any non-tax, non-tort suit seeking less than $10,000 in damages may be brought against the United States under 28 U.S.C. § 1346(a)(2). 5 U.S.C. § 8715,

---

Any civil action against the United States under subsection (a) of section 1346 of this title may be prosecuted only:
(1) Except as provided in paragraph (2) in the judicial district where the plaintiff resides;
(2) [providing for cases brought under 28 U.S.C. § 1346(a)(1)].

**6.** The United States, in this action, has moved to dismiss on the grounds that the complaint fails to state a claim against the United States upon which relief can be granted.

on the other hand, is a narrow grant of jurisdiction, but unfettered by an amount-in-controversy provision. Only suits based on Title 5, Chapter 87, against the United States, may be brought under 5 U.S.C. § 8715.

Since 5 U.S.C. § 8715 is a narrow, specific grant of jurisdiction, normal rules of statutory construction dictate that for suits within its cognizance, it is a superior grant of jurisdiction to the more general statute. Thus, in suits against the United States under Chapter 87 of Title 5, jurisdiction is controlled by 5 U.S.C. § 8715, and not by 28 U.S.C. § 1346(a)(2). Hence the applicable venue statute for suits against the United States under Chapter 87 of Title 5 is 28 U.S.C. § 1391(b), and this action was improperly filed in the wrong judicial district.

■ Nevertheless, prior to the defendant Stillman's motions to dismiss, the defendant and interpleader Metropolitan Life filed its bill of interpleader. By the filing of the bill of interpleader, jurisdiction and venue are proper in both the Northern District of Texas and the Southern District of California. 28 U.S.C. §§ 1332, 1335, & 1397.

Accordingly, the defendant Stillman's motions to dismiss and to transfer under 28 U.S.C. § 1406(a) are denied.

## II.

## DEFENDANT'S MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)

The defendant Stillman has alternatively moved to transfer this action to the Southern District of California under 28 U.S.C. § 1404(a).[7] The defendant claims that all important witnesses, and the majority of all witnesses who may need to present testimony in this action live in the Southern District of California at a distance of 1400 miles from this Court. The defendant further claims that access to relevant proof and subpoena power would be facilitated and costs to the witnesses and the defendant Still-

man herself would be lessened by a transfer to the Southern District of California. The defendant has attached an affidavit in support of her claims.

In response, Plaintiffs urge that their costs would be higher were this case transferred, and rely heavily on the rule that the plaintiff's choice of forum for venue purposes should not be lightly disturbed. 1 Moore's Federal Practice ¶ 0.145[5] n.5.

■ While the Court normally believes that the plaintiff's choice of forum for venue purposes is entitled to great deference, that rule is not applicable in this case. Here, Plaintiffs could not properly file this action in this Court under 28 U.S.C. § 1391(b). Where Plaintiffs have circumvented the Congressional policy behind the venue statutes by filing in the wrong judicial district, even though the Court later attains proper venue, their original choice is accorded no weight in ruling on a motion under 28 U.S.C. § 1404(a). Indeed, in such a situation, deference is to be accorded that district in which Plaintiffs would have had to file their suit if they had given due regard to the applicable venue statutes.

■ The Court is further of the opinion that in actions involving mental capacity, undue influence, and possible involvement in a local crime, access to proof will almost always be facilitated by hearing the action in the judicial district in which the claim arose.

Accordingly the Court is of the opinion that this action should be transferred to the Southern District of California.

## III.

## ORDER

The Court ORDERS that the motions of the defendant Stillman to dismiss for improper venue and to transfer under 28 U.S.C. § 1406(a) are denied. The Court further ORDERS that the defendant

---

7. 28 U.S.C. § 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Stillman's motion to transfer under 28 U.S.C. § 1404(a) is granted, and that the above-referenced cause of action be transferred to the United States District Court for the Southern District of California.