Pedro De La FUENTE, for himself and on behalf of his minor son, Oscar De La Fuente, Emilio De Leon, Manuel Garza, Anselmo Solis, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

INTERSTATE COMMERCE COMMISSION of the United States, Daniel O'Neal, as Chairman of the Interstate Commerce Commission, Alfred E. Rathert, as Regional Managing Director of Region IV of the Interstate Commerce Commission, United States Department of Transportation, Brock Adams, as United States Secretary of Transportation, John Cyrocki, as Acting Regional Representative of the United States Secretary of Transportation for Region V, United States Department of Labor, F. Ray Marshall, as United States Secretary of Labor, Gerald Mitchell, as Regional Administrator of the United States Employment Standards Administration for Region V, Stokely-Van Camp, Inc., a Foreign Corporation, Albert Solis, and Marcelino Vasquez, Defendants.

No. 77 C 4100.

United States District Court,
N. D. Illinois, E. D.

June 5, 1978.

Kristine Poplawski, Bruce L. Goldsmith, Ill. Migrant Legal Assistance Project, Chicago, Ill., for plaintiffs.

Thomas P. Sullivan, U. S. Atty., Patricia A. Brandin, Pope, Ballard, Shepard & Fowle, Chicago, Ill., for defendants.

## MEMORANDUM

LEIGHTON, District Judge.

This is a suit for declaratory, injunctive, and monetary relief brought by four migrant agricultural workers on behalf of themselves and all others similarly situated against three private defendants, three federal agencies, and various federal officials for alleged violations of the Farm Labor Contractor Registration Act, 7 U.S.C. §§ 2041, et seq. ("FLCRA"); the Wagner-Peyser Act, 29 U.S.C. §§ 49, et seq.; the Interstate Commerce Act, 49 U.S.C. §§ 301, et seq. ("ICA"); the Department of Transportation Act, 49 U.S.C. §§ 1651, et seq. ("DOTA"); and attendant regulations promulgated under the Acts. Plaintiffs are United States citizens residing in Mexico and Texas, and lawfully admitted permanent United States residents residing in Texas. The private defendants are Stokely-Van Camp, Inc., a foreign corporation licensed to do business in Illinois, two of its employees who reside in Texas: Marcelino Vasquez, a registered farm labor contractor, and Albert Solis, an unregistered farm labor recruiter. The federal defendants are the Interstate Commerce Commission, its chairman, and local regional managing director; the Department of Transportation, its secretary, and local acting regional representative; and the Department of Labor, its secretary, and local regional administrator. The four-count complaint alleges the following facts.

In April, 1977, plaintiffs learned of employment opportunities with Stokely-Van Camp through advertisements in Texas which referred potential job applicants to Vasquez. Plaintiffs contacted Vasquez, who told them that they would be transported by bus about 90 miles to work each day; that they would be paid $2.30 per hour for the time spent commuting daily; and that defendants would pay plaintiffs' transportation costs from Texas to Illinois. Vasquez referred plaintiffs to defendant Solis

who, in the presence of representatives of the Texas Employment Commission, gave them copies of Clearance Job Order V–Ill.–7, and repeated Vasquez's representations, which were not contained in the order. Relying on these various statements, allegedly made with Stokely-Van Camp's knowledge and on its behalf, plaintiffs entered into employment contracts with Stokely-Van Camp. Plaintiffs De La Fuente and Solis and their families were given transportation money by defendant Solis and traveled to Illinois in their own vehicles. Plaintiff Garza and his family were transported to Illinois by an employee of Vasquez who was not authorized by the Department of Labor or the Interstate Commerce Commission to transport migrant agricultural workers. Upon arrival in Hoopeston, Illinois, plaintiffs were housed and began work handpicking asparagus in Indiana. The promises made to them in Texas were broken in that they were transported to work daily in unsafe trucks, rather than busses, driven by unauthorized employees of Vasquez; they were not paid for daily commuting time; and the costs of their transportation from Texas were deducted from their wages. Anonymous complaints by plaintiffs to Stokely-Van Camp and the Illinois State Employment Service resulted in threats by Vasquez to "blacklist" plaintiffs from future employment by defendants.

Count I charges that these acts by the three private defendants constitute continuing violations of rights secured plaintiffs by the FLCRA. Count II charges violations of plaintiffs' rights under the Wagner-Peyser Act by defendant Stokely-Van Camp through these acts. Count III, which is aimed at Vasquez, alleges that the unsafe, unauthorized transportation provided plaintiffs by Vasquez and his employees from Texas to Hoopeston and daily from Hoopeston to Indiana violates Part II of the ICA and its attendant regulations, as well as safety requirements imposed by 49 C.F.R. § 398 (1976), and regulations promulgated under DOTA. Count IV seeks declaratory and injunctive relief against the federal defendants for failure to enforce the

FLCRA, ICA, DOTA, and various regulations promulgated pursuant to each act so as to protect migrant farm workers from being transported in unsafe vehicles driven by unauthorized and incompetent personnel. Jurisdiction is invoked under 7 U.S.C. § 2050a(a); 28 U.S.C. §§ 1331, 1337, 1361, 2201–02; and 49 U.S.C. § 322(b)(2).

The cause is before the court on the motion of the three private defendants under Rule 12(b)(3), Fed.R.Civ.P., to dismiss Counts I and III for improper venue or, in the alternative, transfer the cause to the United States District Court for the Eastern District of Illinois where the claims arose and where defendants allegedly "operated." [1] 28 U.S.C. § 1391(b); 49 U.S.C. § 322(b)(2). They also argue that, since the cause of action arose in the Eastern District, the convenience of the parties and witnesses and the interest of justice would be best served by a 28 U.S.C. § 1404(a) transfer. Additionally, Stokely-Van Camp has moved under Rule 12(b)(6), Fed.R. Civ.P., to dismiss Count II for failure to state a claim on which relief can be granted. Stokely-Van Camp argues that no adequate allegation has been made that it failed to provide employment in accordance with the terms and conditions of its Clearance Job Order V–Ill.–7 and hence, no Wagner-Peyser Act claim has been alleged.

## I. Venue

■ The parties indicate, and this court agrees, that venue of this action as to the private defendants [2] is governed by 28 U.S.C. § 1391(b), which provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

These venue alternatives deliberately place venue in those judicial districts which ordinarily would be most convenient to the defendant. *Jones v. United States,* 407 F.Supp. 873, 876 (N.D.Tex.1976). And unless a defendant has consented to be sued in a district in which venue is improper, he has a right to invoke the protection of the statute.

The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a "liberal" construction. *Olberding v. Illinois Central R. Co.,* 346 U.S. 338, 340, 74 S.Ct. 83, 85, 98 L.Ed. 39 (1953); *Schnell v. Peter Eckrich & Sons,* 365 U.S. 260, 264, 81 S.Ct. 557, 5 L.Ed.2d 546 (1961).

■ Stokely-Van Camp does not, nor can it, raise any objection to venue. As a foreign corporation which is licensed to do business state-wide it is amenable to suit in any district in that state. 28 U.S.C. § 1391(c); *Richards v. Upjohn Co.,* 406 F.Supp. 405 (E.D.Mich.1976); *Garbe v. Humiston-Keeling & Company,* 143 F.Supp. 776, 778–79 (E.D.Ill.1956) *rev'd on other grounds,* 242 F.2d 923 (7th Cir.), *cert. denied,* 355 U.S. 846, 78 S.Ct. 70, 2 L.Ed.2d 55 (1957).

■■ Defendants Solis and Vasquez are alleged and admitted to be residents of Texas. Under § 1391(b), this action may be brought against them only in the district where they reside in Texas or in the Eastern District of Illinois where the claims arose. Plaintiffs argue that this court may

---

1. The federal defendants have taken a neutral position on the issues of venue and transfer. Since some of the federal defendants are located in Washington, D. C., evidence relevant to the acts and policies of those defendants is located in Washington, D. C. The federal defendants do not regard the case as centered around the actions of the Chicago regional offices, but rather around the employment and transportation of plaintiffs in the Hoopeston, Illinois and Indiana area.

2. Venue as to the federal defendants is governed by the broader provisions of 28 U.S.C. § 1391(e). Under this subsection, venue is proper either in this district where co-defendant Stokely-Van Camp resides [§ 1391(e)(1)] or in the Eastern District of Illinois where the claims arose [§ 1391(e)(2)]. Section 1391(e) does not affect venue as to the private defendants, who may be joined if the venue is one that would be proper as to them without regard to § 1391(e). 15 Wright & Miller, Federal Practice and Procedure: Civil § 3815 (1978 Supp.).

exercise "pendent venue" over the claims against Solis and Vasquez because these claims are factually related to the claims against Stokely-Van Camp and the federal defendants. This is not true. The fact that Solis' and Vasquez's co-defendants are suable in this district does not deprive Solis and Vasquez of their personal venue rights. *Camp v. Gress,* 250 U.S. 308, 311–16, 39 S.Ct. 478, 63 L.Ed. 997 (1919); *Dibble v. Cresse,* 271 F.2d 426 (5th Cir. 1959); *see Olberding v. Illinois Central R. Co., supra.* Moreover, the cases cited by plaintiffs do not support their argument, for in each case, plaintiff sought to bring two factually-related claims with different venue requirements against one defendant. And, in each case, the court held that so long as venue was proper for the primary claim against the defendant, the defendant could not raise the issue of venue as to the ancillary claim.[3] In this case, however, there are multiple defendants as well as multiple claims. As to two of those defendants, Solis and Vasquez, there is no proper venue on any claim, not merely proper venue as to one claim against them but not as to another, ancillary claim. Plaintiffs cannot rely on the residence of one defendant, Stokely-Van Camp, to bring suit against multiple defendants in this district, where one but not all of them reside. *See* 15 Wright & Miller, Federal Practice and Procedure: Civil § 3807 at 37 (1976).

■■ However, the fact that venue is improper as to some of the defendants does not require dismissal of the entire suit for improper venue. Defendant Stokely-Van Camp has joined in the motion to dismiss for improper venue. The defense of improper venue is personal to the party to whom it applies; and a resident defendant cannot avail himself of a transfer or dismissal as to a nonresident unless the latter is an indispensable party. *Camp v. Gress,* 250 U.S. at 316, 39 S.Ct. 478. Where a case involves multiple dispensable defendants of diverse residences,

the accepted and more just procedure is to sever, as permitted by Fed.R.Civ.P. 21, and dismiss or transfer only the claims against those parties as to whom venue is improper. *Goldberg v. Wharf Constructers,* 209 F.Supp. 499, 504 (N.D.Ala.1962). *See also Champion Spark Plug Company v. Karchmar,* 180 F.Supp. 727, 729–30 (S.D.N.Y.1960); *James Talcott, Inc. v. Burke,* 145 F.Supp. 389 (N.D.Ohio 1956); *cf. ABC Great States, Inc. v. Globe Ticket Company,* 310 F.Supp. 739, 744 (N.D.Ill.1970).

■ Defendants Vasquez and Solis are not indispensable parties within the meaning of Rule 19(a), Fed.R.Civ.P. *See* 3A Moore's Federal Practice ¶ 19.07 (2d ed. 1977). Counts I and III of the complaint state independent claims against Solis and Vasquez for violation of FLCRA, ICA and DOTA. However, the complaint as a whole states factually interrelated claims against all four defendants. While Count I states an individual FLCRA claim against Stokely-Van Camp, it also relies on acts by Solis and Vasquez as agents of Stokely-Van Camp in making misrepresentations to the plaintiffs on behalf of and with the knowledge of the corporate defendant. Similarly, Count IV's claim against the federal defendants for failure to enforce the various acts will rest on evidence of federal action—or inaction—with regard to all three private defendants. Under these circumstances, the interest of the public in efficient judicial administration would be best served by prosecution of plaintiffs' factually interrelated claims in one lawsuit rather than two: one in this district against Stokely-Van Camp and the federal defendants and one in the Eastern District of Illinois against Solis, Vasquez and the federal defendants. *Cf.* 3A Moore's Federal Practice ¶ 19.07[1] at 2227–30 (2d ed. 1977).

Consideration of the various factors mandated by 28 U.S.C. § 1406(a) indicates that transfer to the Eastern District of Illinois is

---

**3.** *See, e. g., Travis v. Anthes Imperial Limited,* 473 F.2d 515, 528–29 (8th Cir. 1973); *Shelter-Lite Inc. v. Reeves Brothers, Inc.,* 356 F.Supp. 189 (N.D.Ohio 1973); *Laffey v. Northwest Airlines, Inc.,* 321 F.Supp. 1041 (D.D.C.1971).

appropriate in this case.[4] Title 28 U.S.C. § 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Other prerequisites to transfer include: (1) the transferor court must have subject-matter jurisdiction of the action, *see Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); (2) the transferee district must be one in which venue is proper, *Blackmar v. Guerre*, 190 F.2d 427 (5th Cir. 1951), *aff'd*, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952), and in which the defendants are amenable to service of process, *see Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960).

As stated before, this court has subject-matter jurisdiction of this action under 7 U.S.C. § 2050a(a); 28 U.S.C. §§ 1331, 1337, 1361, 2201–02; and 49 U.S.C. § 322(b)(2). The district court for the Eastern District of Illinois likewise has subject-matter jurisdiction. Moreover, because the cause of action arose in that district, venue is properly laid in the Eastern District of Illinois under 28 U.S.C. § 1391(b) and (e), and it appears that all defendants are amenable to service of process there. The Eastern District of Illinois is, therefore, a district where this suit "could have been brought."

The decision whether to transfer "in the interest of justice" or to sever and dismiss as to some defendants while continuing the litigation as to others rests within the discretion of the trial court. *Cf. Mosley v. Nationwise Purchasing, Inc.*, 485 F.2d 418, 421 (Em.App.1973). Section 1406(a) "was designed to avoid the 'time consuming and justice defeating technicalities' to which dismissal for improper venue necessarily gives rise. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S.Ct. 913, 8 L.Ed. 39

(1962)." *State of Illinois v. Harper & Row Publishers, Inc.*, 308 F.Supp. 1207, 1211 (N.D.Ill.1969). Transfer allows the suit to go forward in a proper venue and hence permits the transaction of judicial business more conveniently and expeditiously. *D C Electronics, Inc. v. Schlesinger*, 368 F.Supp. 1029, 1034 (N.D.Ill.1974). Where, as here, there is no indication that suit was commenced in an improper venue for purposes of harassment, transfer is preferable to dismissal. Accordingly, the defendants' motion to dismiss for improper venue will be denied; their motion to transfer to the Eastern District of Illinois will be granted.

## II. Rule 12(b)(6)

Defendant Stokely-Van Camp makes essentially two arguments in its motion to dismiss Count II. First, it argues that the complaint does not allege adequately that Vasquez and Solis, in making representations not contained in Clearance Job Order V–Ill.–7, were acting as agents of Stokely-Van Camp and, hence, no Wagner-Peyser claim has been stated against it. Second, Stokely-Van Camp argues that plaintiffs have not alleged violation of any specific federal or state health or safety act or regulation and, hence, no Wagner-Peyser claim has been stated against it.

The short answer to these arguments is that the complaint clearly satisfies the requirements of Rule 8, Fed.R.Civ.P., and is not subject to dismissal for failure to draw explicit legal conclusions regarding Vasquez's and Solis' relationship to Stokely-Van Camp or to cite specifically each and every regulatory provision Stokely-Van Camp may have violated. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S.

---

4. The court notes that transfer under either 28 U.S.C. § 1404 or § 1406 is proper as to the federal defendants and Stokely-Van Camp. *See Chicago, Rock Island, & P. R. Co. v. Igoe*, 220 F.2d 299 (7th Cir.), *cert. denied*, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed.2d 735 (1955); An-

not., 1 A.L.R.Fed. 15 (1969). Where venue is improper as to some, but not all, defendants, a § 1406(a) transfer may nonetheless be made as to all defendants, provided the case is otherwise transferable. *Annot.*, 3 A.L.R.Fed. 467, 486 (1970).

41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). More specifically, the complaint alleges that representations made to plaintiffs by Solis and Vasquez were made on behalf of and with the knowledge of Stokely-Van Camp. *See, e. g.*, Complaint, Ct. 1, ¶¶ 14, 37, Ct. 2, ¶¶ 14, 37. The Clearance Job Order itself, copies of which were allegedly furnished plaintiffs by Solis and which is incorporated by reference into the complaint, refers to defendant Solis as a "company representative." Complaint, Exhibit p. 4. The discovery provisions of Rules 26–37, Fed.R.Civ.P., are available to Stokely-Van Camp to allow it to determine the factual basis for plaintiffs' claims, but the complaint adequately alleges an agency or conspiratorial relationship among the private defendants.

 Stokely-Van Camp relies on *27 Puerto Rican Migrant F. W. v. Shade Tobacco G. A. A., Inc.*, 352 F.Supp. 986 (D.Conn.), *aff'd*, 486 F.2d 1052 (2d Cir. 1973). In that case, plaintiffs sought to state a claim under the Wagner-Peyser Act through allegations that their employer had breached the employment contract by failure to provide hot lunches as called for therein. In holding that the complaint failed to state a claim under the Act, the court relied on two factors: (1) the conditions to which plaintiffs were subjected were not regulated specifically by any federal provision, and (2) the contract provided alternative remedies in the courts of Puerto Rico. 352 F.Supp. at 991–93. Of course, plaintiffs here do cite particular regulations which they allege Stokely-Van Camp has violated. *See, e. g.*, 20 C.F.R. § 653.-108(d)(1) (1977). Moreover, it has been held that allegations, like those in this case, of failure to provide employment consistent with representations made and of improper wage deductions state a claim under the Wagner-Peyser Act. *Galindo v. DelMonte Corporation*, 382 F.Supp. 464, 469 (N.D.Ill. 1974). And, of course, the employment contract embodied in Clearance Job Order V–Ill.–7 does not contain any alternative remedies in state courts. Therefore, this case is easily distinguished from *27 Puerto Rican Migrant F. W. v. Shade Tobacco G. A. A.,*

*Inc., supra,* and the court finds that Count II of the complaint states a claim on which relief may be granted.

III. Conclusion

For these reasons, the motion of the three private defendants under Rule 12(b)(3), Fed.R.Civ.P., to dismiss Counts I and III for improper venue is denied. The alternative motion to transfer the cause to the Eastern District of Illinois is granted, and this suit is hereby transferred to the District Court for the Eastern District of Illinois. Further, the motion of Stokely-Van Camp under Rule 12(b)(6), Fed.R.Civ.P., to dismiss Count II for failure to state a claim on which relief may be granted is denied.

So ordered.